CHARLES ROGERS *et al.*, plaintiffs in error, *vs.* MOORE, JENKINS & COMPANY, defendants in error.

When the sheriff served Rogers with summons of garnishment, and the defendant in attachment filed his bond with security to dissolve the garnishment, and the sheriff notified the garnishee that the bond had been filed and that the garnishment was dissolved, and the garnishee afterwards paid the money to the defendant in attachment, which he owed him, at the time the garnishment was served upon him, and the Court afterwards held that the bond given by the defendant in attachment was not in proper form, and that no judgment could be rendered upon it : *Held*, that the Court erred in allowing judgment to be entered up against the garnishee for the amount paid by him to the defendment in attachment, after the notice from the sheriff that the bond had been given and that the garnishment was dissolved.

Dissolution of garnishment. Before Judge WORRILL. Muscogee Superior Court. May Term, 1869.

Moore, Jenkins & Company sued William P. Turner and James T. Persons, partners, under the style of William P. Turner & Company, and A. M. Allen, as agent, etc., sued said Persons individually. In each case Charles Rogers was served with garnishment. Pending these actions Persons filed with the sheriff his bonds to dissolve said garnishment, and the sheriff addressed the following note to Rogers :

" MR. CHARLES ROGERS—I have this day taken bond from James T. Persons and good security, in the case of Moore, Jenkins & Company *vs.* James T. Persons, in which you were garnisheed ; the garnishee is dismissed. Columbus, Ga., April 29, 1860.    Yours, etc.

G. W. MARTIN, Sheriff."

Upon receipt of this note, Rogers paid Persons $337 65

Rogers *et al.*, *vs.* Moore, Jenkins & Company.

which he owed Persons for cotton.   Said plaintiffs respectively recovered judgments against said respective defendants.   Moore, Jenkins & Company then proposed to enter judgment upon said bond against Persons and his security. The Court decided that the bond was not good, according to the statute, and refused to allow such judgment entered. The Court then gave time to Rogers to answer.   He said he owed William P. Turner & Company nothing, but did owe Persons $337 65, arising from the sale of Person's cotton crop of 1867, and that he had paid him after receiving said note from the sheriff.

Moore, Jenkins & Company then proposed to take judgment against Rogers for said sum.   Allen's counsel and Rogers' counsel both objected, but the Court allowed the judgment entered.   Rogers'' counsel say this was error, because said notice from the sheriff protected him.   Allen contended that his claim was against Persons individually and for work of negroes who raised the cotton which brought the fund, and that by an Act of Alabama, where Persons lived, these negroes had a special lien before anybody else on said fund.   But he neither proved the facts stated nor produced any such statute.   He also excepted to the Court's judgment in favor of Moore, Jenkins & Company.

(NOTE.—After the argument had progressed till counsel for plaintiff in error was making his concluding argument, he moved to dismiss the writ of error, because he had not been served with a copy of the bill of exceptions.   He admitted that he knew this defect before the argument was begun, and intended waiving it, and therefore had not called attention to it till he concluded not to waive it.   The Court held that his silence amounted to a waiver.)

WILLIAMS & THORNTON, by M. H. BLANFORD, for plaintiff in error.

PEABODY & BRANNON, for defendants, cited Irwin's Code, secs. 3488, 3255, 1908 ; 9 Ga. R., 319 ; 20 Ga. R., 386.

Rogers *et al.*, *vs.* Moore, Jenkins & Company.

BROWN, C. J.

In the view we take of this case, it is not necessary to consider the question of the Alabama liens or the conflicting rights between the plaintiffs in attachment. The record shows that the sheriff, whose duty it was to levy the attachment, which was done in this case by serving Rogers with summons of garnishment, afterwards gave the garnishee written notice, that the defendant in attachment had given bond, and that the attachment was dissolved. After Rogers received this notice, acting in good faith, as we must presume, as his answer was not traversed, he paid over to Persons, the defendant in attachment, the amount due him. At the next term of the Court, the defendant objected to a judgment on his bond, on the ground that it was not in legal form. This objection was sustained in favor of the defendant in attachment, and the Court then gave Rogers time to answer the summons of garnishment, which he did, insisting on the notice from the sheriff that the garnishment was dissolved as his protection. And after hearing the answer, the Court allowed judgment to go against the garnishee for the sum due by him to the defendant at the time the summons of garnishment was served upon him by the sheriff. To this judgment Rogers excepts, and we think the exception is well taken.

Attachments returnable to the Superior Courts are directed to all and singular the Sheriffs and Constables of this State: Revised Code, section 3206. Section 3221 declares that service of the attachment by serving process of garnishment shall be as effectual for all purposes, as though the attachment had been served by levying the same upon the property of the defendant. By section 3243 it is provided that, when an attachment has been levied upon the property of a defendant, it shall be the duty of the *officer levying* the same to deliver the property so levied upon, to the defendant, upon his giving bond with good security, payable to the plaintiffs in attachment, obligating themselves to pay the plaintiff the amount of the judgment and

costs that he may recover in said case, etc.   Section 3488 of the Code declares that the defendant may dissolve the garnishment and have the same dismissed, upon filing in the Clerk's office of the Court where the suit is pending a bond with security payable to the plaintiff, etc.

Now, construe all these sections together, and it seems to be a reasonable conclusion that the sheriff to whom the attachment is directed, who may levy it by serving summons of garnishment, as was done in this case, and who may take bond from the defendant in attachment, and allow him to replevy the property levied upon, is the proper officer, in case the levy was by summons of garnishment, to approve the bond when tendered to dissolve the garnishment, and to file it in the Clerk's office.   The sheriff having received the bond in this case, and having notified the garnishee that the garnishment was dissolved and dismissed, and he having acted upon that notice, and paid to the defendant in attachment the amount he owed him, we hold that he is no longer liable.

As this is not an action against the sheriff we express no opinion as to his liability.

Judgment reversed.