## FROST *vs*. RENDER.

1. A sheriff sells, and a purchaser at his sale buys, according to the process and levy thereunder. A levy being on certain land as the property of defendant in *fi. fa.*, a sale under such levy carries with it the crop growing on the land, and the sheriff cannot limit the sale by an announcement that the rent of the current year is reserved.

2. Heirs-at-law cannot make a settlement with one creditor of the estate so as to limit the estate of the decedent in property to be conveyed by a sale under a judgment which was rendered in his life-time.

3. The verdict is supported by the evidence.

Levy and sale. Sheriff. Title. Contracts. Estate. Debtor and creditor. Before Judge BUCHANAN. Troup Superior Court. November Term, 1879.

The following, taken in connection with the decision, sufficiently reports this case :

Jesse McClendon, deceased, was the common debtor. There were various *fi. fas.* against him, one in favor of Wilson, Callaway & Co., held by Ferrell and Park, transferees ; another in favor of Frost; two others in favor of Thornton, administrator, held by Frost and Crenshaw, transferees. All these were levied on certain land as the property of defendant in *fi. fas.* He having died, his widow and children, as heirs-at-law, interposed a claim as against Frost. The latter also has pending in court a suit against Jesse McClendon. He and the heirs entered into the following agreement :

" GEORGIA—Troup County.

" Whereas there is a controversy now pending between F. A. Frost, as plaintiff, and Jesse McClendon, defendant, and Martha G. McClendon and Ella and Mattie McClendon, claimants of 650 acres of land one mile east of LaGrange, lying in one body, and known as the Wammack place, and adjoining lands of estates of J. D. Newman, O. A. Bull, Mrs. Ragland, G. Kener and Mrs. Ware ; and whereas said *fi. fas.* are levied on this as well as other property, all of which is claimed by the above claimants : Now, in consideration that said claimants

withdraw their said claim, and allow said Frost to proceed against. said property, the said Frost agrees to buy in said Wammack place, or to receive the proceeds of the same; and the said claimants also· agree to pay said Frost $1,000.00 on or by the first Tuesday in August next, and also to turn over to said Frost the rent contracts for eighteen bales of cotton from said Wammack place for the present year.   The said Frost, on his part, agrees to transfer all of his *fi. fas.* against Jesse McClendon to Miss Ella McClendon and Mattie McClendon, reserving· the right to have the use of said *fi. fas.* to sell any parcel of land heretofore sold off of said Wammack place by said Jesse McClendon, and which may be subject to said *fi. fas.*, this being the only interest said: Frost will have in said *fi. fas.*, after he shall first have received the· Wammack place, rent notes for the eighteen bales of cotton, and the· $1,000.00.   The *fi. fas.* referred to are two *fi. fas.* in favor of J. P. Thornton, administrator of T. J. Thornton, *vs.* Jesse McClendon and' another, and the *fi. fas.* of F. A. Frost *vs.* Jesse McClendon.   The· said Frost also agrees, for said consideration, to settle all other claims. or demands he has against said Jesse McClendon.

   *LaGrange, Ga., July 1st, 1879.*
            (Signed)                    FERRELL & LONGLEY,
                                          *Attorneys for F. A. Frost.*
                              J. S. BOYNTON & A. H. COX,
                                          *Claimants' Attorneys.*

   The claimants turned over to Frost the rent notes of tenants on the land.

   The land went to sale, and Render became the pur-- chaser.   The tenants attorned to Render, and gave him. also rent notes.   These· tenants then filed their bill to- cause Render and Frost to interplead in regard to the rent.   They did so, and after verdict against Frost, he moved for a new trial, which being refused, he excepted.

   FERRELL & LONGLEY; A. H. COX, for plaintiff in error.

   THOS. H. WHITAKER; B. H. BIGHAM; GEO. L. PEAVY, for defendant.

   JACKSON, Justice.

   This was a bill of interpleader, filed by the tenants on a plantation which belonged to a decedent by the name of

McClendon, against Frost and Render, setting out that they owed rent for the place in the shape of certain bales of cotton, part of the crop made thereon, which was claimed by the two defendants to be due and payable to each of them, and that complainants were ready to turn it over to either, but did not know to whom, and therefore prayed that the defendants interplead and the court settle the controversy.

Thereupon defendants interpleaded, and under the instructions of the court the jury found for Render, and a decree was had that the rent be paid to him. Thereupon Frost made a motion for a new trial, it was overruled, and he excepted.

The facts are that the land was levied on as the property of Jesse McClendon, and was sold by the sheriff when Render bought it on the first Tuesday in August, 1879, these tenants and complainants having rented it from certain claimants who were, it seems, heirs-at-law of Jesse McClendon, and had made an agreement with Frost, one of the plaintiffs in execution, to withdraw their claim and let the land sell upon certain terms specified therein. These claimants, pursuant to this agreement, had turned over the rent notes for eighteen bales of cotton, the price of the rent of the land, to Frost; and Frost rested his claim to the cotton in dispute on this agreement and whatever title it gave him. Render, on the other hand, claimed the rent because the growing crop went with the land at the sheriff's sale, and to avoid being dispossessed, the tenants attorned to him, recognized him as landlord under the sheriff's title, and gave him new rent notes for the cotton in dispute. The agreement which Frost made was to the effect that he was to bid off the place or receive the proceeds, the heirs to pay him $1,000.00 on sale day in August, and turn over the rent notes to him, and he to have the use of the executions to levy on other lands sold off by McClendon while in life, and reserving no other interest; then the title to his McClendon *fi. fas.*

was to go to these heirs, who were contesting in the claim case with him for this land.

The motion for a new trial was based on the following grounds:

1. Because the court erred in rejecting the testimony of B. C. Ferrell to the effect that on the day of the sale under the *fi. fas.* of Frost, and Callaway & Co., Frost caused the sheriff to announce publicly, when he sold the land, that the rent for the present year was reserved to said Frost, the purchaser of the rent notes, and that the sheriff was selling the land only and not the rent.

2. Because the court erred in ruling out the following testimony of Longley: "I was present on the first Tuesday in August last, when the Wammack place was sold by the sheriff. Frost requested me to give notice that he held the rent notes of the tenants for the rent of the Wammack place for the year 1879. I, therefore, went to the sheriff and told him the rent was reserved and to make the announcement. The sheriff thereupon gave the notice that the rent of said place was reserved, and after the notice bidding went on by Frost and Render, until the property was knocked off to Render for $4,875.00." After said testimony was given the court, on motion of Render's counsel, ruled out all of said testimony in relation to the notice, holding the testimony irrelevant.

3. Because the court erred in refusing to allow Frost to introduce the declaration of F. A. Frost *vs.* Jesse McClendon, an action pending in Troup superior court for $5,000.00, and which was settled by the agreement of Frost and the McClendon heirs—the object of said evidence being to show that said action was pending, and that the same was so settled by said agreement.

4. Because the verdict and decree are contrary to law.

1. In our judgment the first and second grounds were properly overruled. The sheriff sells according to the process put into his hands and his levy thereunder. The purchaser buys whatever the law gives him under that

Frost *vs.* Render.

process and levy, and the levy being on the decedent's land as his property, whatever was growing on the land went with it. This cotton was growing on it and went with it ; and the sheriff's notice could not limit the sale. Purchasers bought what was levied on and advertised for sale, and the law fixed what that was, and the growing crop passes with the land levied on and sold by the sheriff. Code, §3642. The case of *Ferguson vs. Hardy et al., adm'rs.,* reported in 59 *Ga.*, 758, decides that where rented land upon which there is a growing crop was sold under an execution against the landlord, and the tenant evicted, the consideration of the rent note fails; and where the purchaser entered and the tenant attorned, the right to collect the rent is in the purchaser. The principle there ruled covers this case. The fact that the heirs of McClendon rented to the tenants, and not the decedent himself, makes the case stronger for the purchaser. It is difficult to see how the heirs could divest the lien of a judgment on the land of their ancestor, or modify that lien and contract the extent thereof. When they withdrew their claim and the property was sold as the ancestor's, it was sold without regard to any claim or contract of theirs, and the law fixed what was sold and what passed to the purchaser, and that was just what McClendon's property or estate in the land was, and that was the fee, and all its incidents and appurtenances.

2. We are at a loss to understand how any suit between Frost and McClendon for $5,000.00, claimed to be due to the former by the latter, could affect the sheriff's sale under the *fi. fas.* of Frost and Callaway & Co. We are at greater loss to comprehend how the heirs at law could have settled such litigation at all. That would devolve upon the legal representative of the estate of Jesse McClendon. Nor can we see how an arrangement of one creditor of an estate with the heirs at law of the decedent could legally operate to limit the estate of the decedent, in property bound by a lien, as against a judgment credi-

tor whose lien attached in the lifetime of the defendant in execution. There was certainly no error in ruling out the declaration, etc., as set out in the third ground of the motion.

3. The verdict and decree are not against law, but demanded by the law and the evidence. The truth seems to be that Frost is paid all the heirs promised him, except what they had no right to promise, the rent of their father's land, when it was covered by the lien of judgments; and that he complied with his agreement with them seems, to say the least, uncertain. He failed *to buy in the land*, because Render outbid him, perhaps, but he received the proceeds, and got all the benefit of the contract he made with the heirs which the law gave him. However that may be, it is a question between him and them. Render bought this land at sheriff's sale, the growing crop passed with the title the sheriff made him, and the heirs could make no contract with one of the creditors in judgment or not, so as to affect the judgment lien of another creditor, and the purchaser under it.

See further cited by defendant in error: Code, §§3640–1–2–3, 2619; 8 *Ga.*, 240, 300; 9 Wheaton, 616; 11 *Ga.*, 427; 10 *Ib.*, 568; 23 *Ib.*, 168; 6 *Ib.*, 452; 3 *Ib.*, 110; Code, §§2624, 3624, 3651. The plaintiff in error furnished no brief.

Judgment affirmed.