## WILLIS *vs.* RIVERS.

Where the appropriate statutory bond has been given in a legal proceeding, and the principal has taken the full benefit of the rem-

edy which it afforded him, it is too late for the surety to make with the adverse party the question of its validity on the ground that he signed the instrument in blank, and entrusted his signature to the attorney of his principal with the understanding that a bond of a different character was to be written and delivered. The attorney was his agent as well as the agent of the principal, and if he abused his authority, the adverse party, having no knowledge of such abuse, is not to be prejudiced thereby. This case is distinguishable from *Ham vs. Parkerson*, 68 *Ga.* 830.

April 11, 1888.

Bonds. Principal and surety. Principal and agent. Before Judge LUMPKIN. Pike superior court. April term, 1887.

Reported in the decision.

DISMUKE & COLLENS and STEWART & STEWART, for plaintiff in error.

J. A. HUNT, *contra.*

BLECKLEY, Chief Justice.

A landlord sued out a distress warrant against his tenant, claiming rent. The tenant filed an affidavit denying that the rent was due. He employed an attorney at law to prepare a bond to be given under the statute, in connection with that affidavit. The attorney requested his client, the tenant, and Mr. Willis, who had agreed to stand his security upon the bond, to sign a blank piece of paper, and said that he would write over their signatures a forthcoming bond. They signed and left the paper with him; and a bond in the terms of the statute (code, §4083), which was a bond for the eventual condemnation money, was written over these signatures. The tenant had the benefit of that bond, the case was duly returned for trial to the proper court, was tried, came up to this court, went back, and resulted in a judgment in behalf of the landlord for a considerable amount of rent,—several hundred dollars; and judgment was entered up regularly against both the tenant and his

surety upon this eventual condemnation money bond; execution thereon issued, and was levied on the surety's property. He filed an affidavit of illegality, setting up that he had not executed any such bond; and upon the trial of that affidavit, he proposed, by equitable plea and in every other way, to get in the question as to whether he was liable upon that bond, under the facts of the case. The court would not entertain his equitable pleading, and would not permit him to amend the affidavit of illegality, unless he would allege that he had discovered the facts upon which he proposed to base his amendment, after the filing of the original affidavit.

The simple question made, taking the whole case together, is, whether under these circumstances he could be heard to deny that this bond was his bond; and we think he could not. We think that for the object in view the attorney of the tenant was the agent of both the tenant and his surety to prepare this bond and use it for the object contemplated, namely, to support the counter-affidavit to the distress warrant; and no other bond would have been appropriate for the object they both intended; and if they understood it to be a forthcoming bond merely, and not a bond for the eventual condemnation money, they had no right to have that understanding; because there was not any law that would have made such a bond available for the purpose intended. This was a legal proceeding, and their blank signatures, left with their agent with a view to be used, amounted to an authority to that agent to make the appropriate bond for the purpose; and after the other party, who was wholly disconnected with all this matter, had yielded to the bond, and the tenant had taken the benefit of the bond by litigating,—getting an opportunity to litigate and actually litigating with his landlord, who is totally free from any imputation of fault, negligence or blame in connection with the abuse of authority on the part of the agent, if there was any abuse of it, he cannot be affected by this misunderstanding. The case is dis-

tinguishable, we think, from *Ham vs. Parkerson*, 68 *Ga.*
830, where the bond taken was not that which the statute
authorized, but one with a different and more onerous
condition.

Judgment affirmed.