### FITZGERALD MILITARY BAND *v.* COLONY BANK *et al.*

Where a suit was pending in a county court and a summons of garnishment was issued and served upon a debtor of the defendant, and the garnishee answered admitting funds in his hands, and thereafter the defendant gave a bond to dissolve the garnishment, and the clerk of the court notified the garnishee that the garnishment had been dissolved, and the garnishee paid to the defendant the amount in his hands ; and where the bond given to dissolve the garnishment was fatally defective, *held:* (1) That there is no law requiring the clerk to give such notice, and one who acts upon it does so at his peril. (2) That, the bond having been fatally defective, the garnishee is not protected. *Rogers* v. *Moore,* 40 *Ga.* 386, distinguished.

Submitted May 1— Decided June 12, 1902.

Garnishment. Before Judge Roberts. Irwin superior court. September 10, 1901.

*Eldridge Cutts* and *Hal Lawson*, for plaintiff.
*L. Kennedy* and *J. H. Martin*, for defendants.

SIMMONS, C. J.   The Fitzgerald Military Band, a partnership, brought suit against the Fitzgerald Driving Association.   Pending this suit the plaintiff sued out summons of garnishment against the Colony Bank and Bauder and Bowen.   The garnishees answered, admitting funds in their hands.   Afterwards the defendant filed in the office of the clerk of the court a bond to dissolve the garnishment.   The clerk gave notice to the garnishees that the garnishment had been dissolved; whereupon the garnishees paid over to the defendant the amount they owed it.   Judgment was obtained against the defendant, and the plaintiff moved to enter up judgment against the garnishees for the amount admitted to have been in their hands at the time of the service of the summons of garnishment.   The garnishees resisted this motion, and by leave of the court filed an amendment to their answer, setting out the above facts as to the notice of the dissolution of the garnishment and the payment of the funds to the defendant.   This was objected to by the plaintiffs, and the objection overruled.   The bond which had been filed was on its face fatally defective in several particulars.   It is unnecessary to mention the defects, as they were admitted by all parties.   The court directed a verdict in favor of the garnishees, holding that, as they had been given notice by the clerk that the garnishment had been dissolved, they were protected.   The plaintiff filed a bill of exceptions, complaining of this ruling of the court, and of the allowance of the amendment to the garnishees' answer.

We think the exceptions were well taken.   That the bond was fatally defective was admitted.   It was not such a bond as the statute requires.   It did not protect the rights of the plaintiff.   The only way in this State to dissolve a garnishment is by giving a statutory bond.   Civil Code, § 4718; *Moore* v. *Allen*, 55 *Ga.* 67. When such a bond is given and filed in the office of the clerk of the court in which the suit is pending, it dissolves the garnishment, and the plaintiff is entitled, if he recovers judgment against the principal, to enter up judgment against the securities on the bond given to dissolve the garnishment.   The trial judge seems to have

lost sight of this view of the law, and directed a verdict for the garnishees simply because they had acted upon the notice from the clerk that the garnishment had been dissolved. We have diligently searched the code, and can find no law requiring or authorizing the clerk to give any such notice. His notice is, therefore, no more effectual to protect the garnishee than if any other individual had voluntarily given it. The garnishees acted upon the notice at their peril. If the bond had been a valid one, they would have been protected. As it was fatally defective and not a good statutory bond, the garnishees were not protected by it. The notice can, of itself, be no protection whatever. It was given by the clerk voluntarily, and the garnishees could not rely upon its correctness as they could have done had it been his duty as a public officer to give such notice.

The defendants in error relied upon *Rogers* v. *Moore*, 40 *Ga.* 386. In that case there was a garnishment founded upon an attachment. At the time of that decision there was no law for dissolving garnishments in cases of attachment. The sheriff, however, took a bond to dissolve the garnishment, and notified the garnishees of the fact. They paid to the defendant the funds in their hands, and this court held that they were protected. The reasoning of the court was that, inasmuch as the sheriff had a right to take a replevy bond from the defendant in attachment, and as the summons of garnishment had seized funds belonging to the defendant, the bond taken by the sheriff was in the nature of a replevy bond, and, although it proved defective, the garnishees were protected in paying over the money. While this reasoning may be unsound, it is unnecessary to review the case, as it differs from the one with which we are dealing. At any rate we are not disposed to follow it except in a case in which the facts are identical with those of that case. The decision was made before the act of 1869 (Civil Code, § 4554), allowing garnishments on attachments to be dissolved as in other cases, and before the act of 1884—5 (Civil Code, § 4718), which applies to all garnishments. For the reasons given we think the judge erred in the rulings complained of, although he may have predicated his judgment upon *Rogers* v. *Moore*, supra.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*