RONEY *v.* McCALL *et al.*

1. A bond to dissolve a garnishment, which in its caption and body purports to relate to a case pending in the county of S., and which is approved by the clerk of the court in the county of S., can not be treated as a statutory bond, under the Civil Code, § 4720, in a case of a similar character, between the same parties, in a corresponding court in the

county of B. Not being a statutory bond with respect to the case pending in the county of B., the court of that county is without jurisdiction to render a summary judgment against the sureties on the bond, under the provisions of the Civil Code, § 4723. A judgment so rendered is void, and an execution issued thereon can not be enforced.

2. As against an execution based upon a void judgment, which has been levied, the defendant has a complete remedy at law by affidavit of illegality, and the writ of injunction will not lie to prevent a sale thereunder.

Argued February 18,—Decided May 14, 1907.

Petition for injunction. Before Judge Mitchell. Brooks superior court. July 21, 1906.

This case results from the judgment which was under review in *McCall* v. *Miller,* 120 *Ga.* 262. Reference may be had to the report of that case for a history of the transaction. The property admitted to be in the hands of the garnishee was claimed by Miller. In order to obtain possession thereof, after filing his claim, Miller, as principal, executed a bond, with Roney, the present plaintiff in error, as surety thereon. The caption of the bond was written with pen and ink, and contained, first, the word "Georgia," then the word "Brooks," with a line drawn through it, and over the word "Brooks" the word "Sumter;" then to the right of and on the same line with the word "Georgia" and the stricken word "Brooks," the word "county," so as to cause the caption, with the word "Brooks" stricken out, to read, "Georgia, Sumter county." Following this caption, the bond proceeded as follows: "We, E. J. Miller as principal, and J. C. Roney and Hugh M. Brown as security, acknowledge ourselves jointly and severally bound to J. H. McCall in the sum of one thousand dollars, subject to the following conditions: The said J. H. McCall having a suit pending in the superior court of said county against A. P. Ashurst for the recovery of $405, and having sued out summons of garnishment on Mitchell Brice, which has been duly served, and the said Mitchell Brice having in hand certain property falling within the operation of said summons of garnishment, to wit, $500, which is claimed by the said E. J. Miller, now should the said E. J. Miller pay to the said J. H. McCall the sum that may be found due to said A. P. Ashurst upon the trial of any issue that may be formed upon the answer of the said Mitchell Brice, or may be admitted in said answer, if untraversed, to be due said A. P. Ashurst, then this

bond to be void. Witness our hands and seals, this 4th day of March, 1895." The bond was signed by E. J. Miller, J. C. Roney, and Hugh M. Brown. It was executed in the presence of, and approved by, J. H. Allen, clerk of the superior court of Sumter county. There was an entry on the back of the bond, as follows: "Brooks superior court, May term, 1895. J. H. McCall v. A. P. Ashurst, defendant in fi. fa., Mitchell Brice, garnishee, E. J. Miller, claimant. Bond to dissolve garnishment. C. M. Hitch, claimant's attorney." After the date of the execution of this bond, the judge of the superior court of Brooks county, on January 24, 1900, in the case of J. H. McCall v. A. P. Ashurst, defendant, and M. Brice, garnishee, and E. J. Miller, claimant, entered a judgment as follows: "The plaintiff, J. H. McCall, having heretofore obtained judgment against the defendant for the sum of $405, principal debt, Mitchell Brice, garnishee, having answered that he was owing the sum of $461.77, and the said E. J. Miller having claimed said sum in terms of the statute and having given bond for said sum and having the following securities sign said bond, to wit, J. C. Roney, H. M. Brown, and the plaintiff secured the verdict of the jury in his favor and against said claimant; it is considered and adjudged that the plaintiff do recover of the claimant and his securities the sum of $405, principal debt, and $137.50, interest to date, with future interest at 7 per cent. and $     cost, and that execution issue accordingly. In open court, this 24th day of January, 1900." An execution based on this judgment was levied on property of Roney, and he filed his petition for injunction, setting forth the history of the case at length, and contending, among other things, that the judgment was void, for the reasons that the bond was not a statutory bond, and the court was not authorized to deal with it as such and render judgment against the surety without appropriate pleadings and notice. The defendant McCall insisted that the injunction should not issue, for the reason, among others, that if the plaintiff's contentions were true, there was an adequate remedy at common law, by affidavit of illegality. The court declined to grant the injunction; and this is assigned as error.

*Williams & Harper,* for plaintiff.

*J. G. & J. F. McCall,* by *Z. D. Harrison,* for defendants.

ATKINSON, J. (After stating the foregoing facts.) 1. As a general rule, no judgment can be rendered against a person, with-

out appropriate pleadings, and notice, and an opportunity to be heard. In Civil Code, §4720, provision is made for a claimant of funds in the hands of a garnishee to dissolve the garnishment by filing, in the court to which the garnishment is returnable, a "bond with good security in twice the amount of the sum claimed upon said suit, attachment, or judgment, to be approved by said clerk," etc. It is provided in the Civil Code, §4723, that the "claimant of any fund or property, to whom the same may have been paid or delivered upon the dissolution of the garnishment in the manner before prescribed, shall be a party to all further proceedings upon said garnishment, and judgment shall be had instanter upon said bond for any sums, or for the value of any property that may be found to have been in the hands of said garnishee, liable to the operation of said summons of garnishment." If the statutes embodied in §§4720, 4723 of the code be complied with by the claimant and the sureties on his dissolving bond, no further pleading or notice is necessary as a condition precedent to a judgment against them after the property is found subject. By the execution of the bond they voluntarily come into the case, submit to the court's jurisdiction, and must abide by the action of the court. Having come into the case upon their own motion, if the property is found subject judgment may be entered summarily against the claimant and the surety, in terms of the bond. It is only a statutory bond, however, that will dissolve a garnishment. *Fitzgerald Military Band* v. *Colony Bank,* 115 *Ga.* 790. A judgment should not be entered summarily against the surety, if the bond be not a statutory bond. The right to be heard is one which the law will not disregard, and summary judgments against sureties on statutory bonds are allowed only because the surety voluntarily comes into the case and by express stipulation agrees to be bound by the judgment therein. If the bond be not in compliance with the statute, the payee therein must proceed thereon as in the case of any other contract.

The bond which was offered by the claimant in this case appears upon its face to be for the dissolution of the garnishment pending in the superior court of Sumter county. The caption recites "Sumter county," and the body expressly states that the proceeding is pending in "said county;" which means Sumter county. The bond is executed in the presence of, and approved by, the clerk

of the superior court of Sumter county. The memorandum on the back of the bond, made by claimant's counsel, was no part of the surety's contract. Under these conditions, whatever may be said of the bond as a common-law bond, it can not be maintained as a statutory bond, under the sections of the code referred to. The statute requires that the bond be approved by the clerk of the court where the garnishment proceeding was pending. This bond was approved by the clerk of the superior court of Sumter county, not by the clerk of the superior court of Brooks county, where the garnishment suit was pending. The bond recites that the case to which it referred was pending in Sumter county, not in Brooks county. By its terms there was no agreement to be bound by any judgment to be rendered in Brooks county. The surety's liability is one of strict law and can not be extended by implication. Civil Code, §2968; *Price* v. *Carlton,* 121 *Ga.* 23, and cit. To hold this bond applicable to a case in Brooks county would be contrary to the express terms of the bond. From what is said it follows that the superior court of Brooks county was without jurisdiction to render the summary judgment of which complaint is made. Being without jurisdiction, the judgment was void and the property of the defendant could not be sold under the execution based thereon.

2. Inasmuch as the void execution had been levied upon the property of the plaintiff in error, it appears that he had a complete remedy at law by affidavit of illegality, and the court did not err in refusing the injunction. See, in this connection, *Park* v. *Callaway,* ante, 119, and cit.

*Judgment affirmed. All the Justices concur.*