## SPOONER *v.* SMITH, Governor.

Where a prisoner was released from custody on a bond signed by two sureties, and on the same day was delivered up by them to the sheriff, and still later on that day one of the sureties went to a deputy sheriff

who had no knowledge of the previous occurrences, represented that a bond had already been given and was all right, caused the deputy to examine the bond, which was in the sheriff's office, and on that basis obtained the release of the prisoner from custody, on failure of the latter to appear, and in response to a proceeding to forfeit the bond, such surety was estopped from asserting that it was of no force by reason of the delivery of the accused to the sheriff.

APRIL 15, 1910.

Forfeiture of recognizance.    Before Judge Park.    Decatur superior court.    May 17, 1909.

*H. B. Spooner, T. S. Hawes,* and *J. R. Pottle,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* and *I. J. Hofmayer,* contra.

LUMPKIN, J.    Cæsar King was arrested for a misdemeanor.  He gave bond with two sureties for his appearance.  During the same day the sureties became apprehensive that the defendant would run away.  Thereupon they took him in charge, and one of them carried him to the county town and delivered him to the sheriff, who locked him in jail.  Later in the day the surety who had delivered the defendant to the sheriff went to the jail to see him. According to the evidence for the State, this surety then went to the deputy sheriff, who had no knowledge of the preceding transaction, and said he desired to get the prisoner out.  The deputy replied that it would be all right, and they would go and make a bond.  The surety replied that the bond was all right, that it had already been made.  The deputy had not seen the bond, but went to the office, where he found it apparently regular, and the surety said it would be all right.  The deputy thereupon released the prisoner, who worked for the surety a while and then ran away.  The other surety did not authorize the obtaining of the second release.  On a proceeding to forfeit the bond, the case was submitted to the judge without a jury.  He held that it was binding on the surety who procured the second release, but not on the other who took no part in it.  To this exception was taken.

A surety can not be allowed to procure the release of a prisoner on the basis of a bond signed by him and another, holding it out as a subsisting bond to a deputy sheriff who does not know otherwise, and then repudiate it on the ground that it was inoperative as a bond, because the prisoner had been delivered up to the sheriff after the bond was given, though apparently there was nothing to

show any want of vitality in it. To permit this would be to allow the surety to perpetrate a fraud, to hold out a bond as in force, and on that basis secure the advantage derivable from a subsisting bond, and then turn and secure an advantage on the basis that it was not. He is estopped from doing so. If the bond signed by him had sufficient vitality to accomplish the release, it was sufficient to bind the surety who used it for that purpose. *Smith* v. *Spencer,* 63 *Ga.* 702, 704; *Brown* v. *Colquitt,* 73 *Ga.* 59, 62, 63 (54 Am. R. 867), cited as to estoppel; *Jones* v. *Gordon,* 82 *Ga.* 570 (9 S. E. 782); *Willis* v. *Rivers,* 80 *Ga.* 556 (7 S. E. 90); *Wall* v. *Mount,* 121 *Ga.* 831 (49 S. E. 778).

It was suggested that there could not be a several judgment on a joint obligation. The bond is not in the record. It may have been joint and severable. If it was not so, the burden of showing error was on the plaintiff in error. At any rate, this surety is not in a situation to discharge himself by setting up that he could not estop his cosurety as well as himself.

*Judgment affirmed. All the Justices concur.*