28828. B & J BONDING COMPANY et al. v. BELL
et al.

SUBMITTED MAY 13, 1974 — DECIDED SEPTEMBER 3, 1974.

*Hendon, Egerton & Harrison, E. T. Hendon, Jr.,* for
appellants.
*George P. Dillard,* for appellees.

GRICE, Chief Justice.
This appeal is from a judgment denying injunctive
and other equitable relief to the appellants in connection
with bail bonds executed in their names.

B & J Bonding Company and DeKalb Bonding
Company, Inc., brought their complaint in the Superior
Court of DeKalb County against the District Attorney of
the Stone Mountain Judicial Circuit, the Solicitor of the
State Court of DeKalb County, the Sheriff of DeKalb

County, and the Governor of Georgia. The allegations of the complaint were substantially:that the appellants are primarily engaged in the business of issuing bail bonds for the appearance of persons charged with violating the criminal laws of the State of Georgia; that numerous bail bonds have issued with the appellants as surety thereon; that partial lists of outstanding bonds are attached as exhibits to the complaint; that certain bonds with the appellants as surety thereon have been forfeited and writs of scire facias issued thereon; that partial lists of these bonds are attached as exhibits; that these bail bonds are null and void as to the appellants since they were executed in their names without authority of law; and that all writs of scire facias which have issued against them as sureties on bonds are null and void as no legal service has been made upon them as required by law.

The appellants prayed that all bonds set forth in their complaint, and any others executed in their names as sureties, be declared illegal, null, and void; that all writs of scire facias issued against them as sureties on bail bonds be vacated and set aside; and that the appellees in their official capacities be restrained and enjoined from proceeding in any manner to enforce any bonds against the appellants which have been executed in their names as sureties, and from proceeding in any manner to enforce the collection of any judgments entered thereon.

1. The appellants contend that all of the bail bonds issued in their names are null and void because their employees signing the bonds had no written authority from them to execute the bonds.

The appellants cite *Southern Express Co. v. Wheeler,* 72 Ga. 210 (3), and similar cases, which held that where a certiorari bond is signed by one as attorney in fact for the plaintiff in certiorari, it should be accompanied by the power of attorney. These cases do not have the element of estoppel therein which is the deciding factor in the present case.

The appellants are corporations engaged in the business of writing criminal bail bonds for compensation. The procedure was that which follows. The names of the appellants were placed on the bonds with a typewriter or

stamp, and the signature of an individual was on the next line. The stipulations and testimony showed that these individuals were employees of the appellants, and it was the duty of each of these employees to act as a bondsman, to go to the jail and sign the bond, and to receive the fee for the bond. The sheriff's office had been orally notified of the persons authorized to sign the bonds. These employees received the bond fees and any cash collateral required by the appellants, and turned these over to the appellants. The appellants retained the fees and collateral. The release of prisoners from custody was obtained by the bonds executed in this manner.

Under the facts of this case, the trial judge properly held that the appellants are estopped from asserting that the bonds are of no force and effect because their agents did not have written authority from them to execute the bonds. Compare *Brown v. Colquitt,* 73 Ga. 59, 61 (2) (54 AR 867); *Smith v. Farmers Mutual Ins. Assn.,* 111 Ga. 737, 740 (36 SE 957); *Spooner v. Smith,* 134 Ga. 323 (67 SE 813).

2. It is contended by the appellants that service on the writs of scire facias in both pending and completed bond forfeiture cases was not made in compliance with Code Ann. § 81A-104 (g) (1) (Ga. L. 1966, pp. 609, 610, as amended).

The entries of service on the writs of scire facias did not show on what agents of the appellants the service had been made. The certificates of service were signed by the stamp of the sheriff's name, or by a deputy sheriff who was not the one delivering the notice. The evidence and stipulations showed that the writs of scire facias were ordinarily delivered by deputy sheriffs and received by the bondsmen of the appellants. No determination can be made from this record that in any specific forfeiture the appellant concerned did not receive actual notice of the forfeiture.

The bond forfeiture cases were proceeding under the method required by Code § 27-906, as amended by Ga. L. 1943, pp. 282, 283 and Ga. L. 1953, p. 452. In some of the cases the appellants had traversed the return of service, and filed answers.

The appellants failed to show that they did not have an adequate remedy at law. There were neither pleadings

nor evidence in the present case to show why the appellants could not have traversed any defective entries of service in the bond forfeiture cases which had proceeded to judgment; nor why they cannot pursue their traverses to the service, or file such traverses, in pending proceedings.

"Equity will not enjoin the proceedings and processes of a court of law, unless there shall be some intervening equity or other proper defense of which the party, without fault on his part, cannot avail himself at law." Code § 55-103; *Dowling v. Pound,* 214 Ga. 298 (2) (104 SE2d 465); *Stein Steel & Supply Co. v. Briggs Mfg. Co.,* 219 Ga. 779 (135 SE2d 862).

The trial judge did not err in refusing to vacate the writs of scire facias in all pending bail bond forfeitures, or in refusing to enjoin the collection of judgments in all the bond forfeiture cases which had proceeded to judgment.

*Judgment affirmed. All the Justices concur.*