SMITH BROTHERS & COMPANY *vs.* ADAMS.

Where a plaintiff in an action of trover sues out bail process, and upon the failure of the defendant to give bond, the plaintiff does so and takes possession of the property, if upon the trial he either dismisses his case or refuses to prosecute it, the defendant is entitled to a verdict or judgment for the property seized under the bail process, or its value, and the declaration and affidavit made by the plaintiff to obtain bail process is competent evidence in ascertaining such value.

February 18, 1888.

Trover. Practice in Superior Court. Evidence. Before Judge JOHN T. CLARKE. Clay Superior Court. March. Term, 1887.

Reported in the decision.

SCOTT & DILLARD; C. WILSON, by brief, for plaintiffs. in error.

J. C. WELLS; A. HOOD; W. D. KIDDOO, for defendant.

SIMMONS, Justice.

It appears from the record that Smith Brothers & Co. brought their action of trover in the court below against D. C. Adams; alleging that Adams was in possession of certain liquors set out in the declaration, to which the petitioners claimed title; that Adams refused to deliver the property to them or to pay the profits thereof. On the same day that this declaration was filed, they made an affidavit, under the statute, to obtain bail process against Adams; which process was issued and placed in the hands of the sheriff, who seized a certain part of the goods de scribed in the declaration. Adams, the defendant, failed to give bond and replevy the property as provided by law; whereupon the plaintiffs gave bond and took possession of the property. At the trial term, the plaintiffs moved to dismiss their suit; which was objected to by the defendant and the motion was overruled. The plaintiffs then declined to prosecute their suit; whereupon the defendant moved the court for a judgment on the plaintiffs' forthcoming bond for the amount of the goods seized by the sheriff. The defendant introduced as testimony the declaration filed by the plaintiffs and the affidavit made to obtain bail, the levy of the sheriff and the forthcoming bond given by the plaintiffs. These documents showed the value placed on these articles by the plaintiffs when they brought their suit, and when they executed the bond.

The jury returned a verdict for the defendant for $439.43. The plaintiffs thereupon moved for a new trial. The first four grounds of the motion were the usual ones, that the verdict was contrary to law and the evidence. The 5th ground was, that the court erred in refusing to allow the plaintiffs to dismiss their case upon the calling of the same, before any evidence was introduced. The 6th ground was, that the court erred in allowing the defendant, over the objection of the plaintiffs, to introduce the plaintiffs' declaration as evidence of the value of the property in controversy. The 7th ground was, that the court refused to allow the plaintiffs to dismiss the case at the close of the evidence and before the jury retired. The 8th ground was, that the court erred in charging the jury that if, the evidence satisfied them that the property levied on belonged to the defendant, and that the plaintiffs had gotten possession of it from the defendant under the levy by giving the bond as shown in evidence, and had not returned it but had converted it to the plaintiffs' use, it would then be their duty to ascertain from the evidence what was the value of the property at the time of the levy, and render their verdict for the defendant for that amount with interest to the present time. The court refused the motion for a new trial, and the plaintiffs excepted.

Under the ruling of this court in *Marshall vs. Livingston*, 77 *Ga.* 21, there was no error in the ruling of the court below in this case. It seems that when the plaintiff in a case brings his action of trover and sues out a bail process in aid of that action, and when the case is called for trial he either dismisses his case or refuses to prosecute it, the defendant in the trover and bail case is entitled to a verdict or judgment against the plaintiff for the property seized by the sheriff under the bail process. Nor does it matter whether the plaintiff's case is dismissed, or whether he simply refuses to prosecute it; the defendant in either case is entitled to a judgment of restitution of the property, or a judgment for the value of the property

seized by the sheriff. There was, therefore, no material error in the court's refusing to allow the plaintiffs to dismiss their case, nor in giving the charge complained of in the motion for a new trial; nor is the verdict contrary to law or to the evidence.

Judgment affirmed.