### THOMAS *v.* PRICE.

1. After a plaintiff in bail-trover is nonsuited, the defendant is entitled upon motion to judgment on the bond given by the plaintiff to acquire possession of the property under the bail process according to §3420 of the code.
2. To a writ of error from the judgment denying such motion the security on the bond is not a necessary party, he being represented by his principal.

February 15, 1892.

| 88 | 533 |
|----|----|
| 95 | 437 |
| 88 | 533 |
| 100 | 11 |
| 88 | 533 |
| 114 | 620 |
| 88 | 533 |
| 121 | 28 |
| 88 | 533 |
| 126 | 268 |

Trover. Nonsuit. Judgment. Party. Principal and surety. Before Judge MILLER. Bibb superior court. November adjourned term, 1890.

Reported in the decision.

L. D. MOORE, by brief, for plaintiff in error.
DESSAU & BARTLETT, *contra.*

SIMMONS, Justice.

1. Property seized under bail process in trover having been turned over to the plaintiff upon his giving the required bond, the defendant, after the plaintiff was nonsuited and a judgment of dismissal entered, moved for a judgment of restitution against the plaintiff and

his surety, electing to enter judgment for the value of the property as recited in the bond. The motion was denied by the court, on the ground that the nonsuit was granted upon the defendant's motion; and this is the ruling excepted to. In support of this ruling it was argued that the defendant could have gone to the jury and had a verdict, and that to terminate the case by a dismissal upon his own motion, took away the power to enter judgment on the plaintiff's bond.

We think the defendant should have been allowed to enter judgment upon the bond. No verdict was necessary to entitle him to restitution of the property or its value. The dismissal alone, as was held in *Livingston* v. *Marshall*, 77 *Ga.* 21, amounted in law to a judgment of restitution, and *ipso facto* entitled the defendant to a writ of restitution or to a writ of *fieri facias* for the value of the property, against the plaintiff and his surety upon the bond. Though in that case the dismissal was at the instance of the plaintiff, this result was not confined to such cases, but was said to follow "where the plaintiff fails in his suit." We do not see why the dismissal should differ in its effect because granted at the instance of the defendant. It must in any event follow, where the plaintiff fails in the proceeding, that all rights acquired by virtue of that proceeding must fall with it. The foundation being destroyed, all that rests upon it must go also. Although a dismissal may not preclude the plaintiff from gaining possession by another and like process, or from establishing his right to the property in some future proceeding, the necessary result is that he is not entitled to hold it under color of a process which no longer subsists. The law, which by virtue of that process took the property from the defendant and placed it in the hands of the plaintiff, puts it back where it came from, or requires the plaintiff to pay over its value.

By the dismissal the liability under the bond for the forthcoming of the property becomes fixed, and under the terms of the statute judgment may be signed up against the principal and surety "and execution had thereon without further proceeding." Code, §§3419, 3420. See *Clark* v. *Lee*, 86 *Ga.* 30.

2. A motion was made to dismiss the writ of error upon the ground that the surety on the bond was not made a party to the bill of exceptions. We hold that the surety was not a necessary party, being represented by his principal and equally bound with him by the judgment. See Code, §3419; *Jackson* v. *Guilmartin*, 61 *Ga.* 544.                                     *Judgment reversed.*