A. & N. M. BLOCK *v.* TINSLEY *et al.*

Where, in a bail-trover action, the plaintiffs were nonsuited and a judgment against them was rendered in favor of the defendant for the value of the property as recited in the bond which had been given by the plaintiffs to acquire possession of the property, the defendant having failed to give bond, to which judgment no exception was taken, there was no error in dismissing on demurrer an equitable petition to restrain the collection of an execution issued upon that judgment, although, after the nonsuit had been granted, and pending action by the court upon a motion to enter the money judgment, the plaintiffs had surrendered the property to the levying officer and renewed their action of bail-trover.

February 27, 1895.

Equitable petition. Before Judge HARDEMAN. Bibb superior court. April term, 1894.

FREEMAN & GRISWOLD, for plaintiffs. HARRIS & HARRIS and HARDEMAN, DAVIS & TURNER, for defendants.

LUMPKIN, Justice.

A. & N. M. Block brought an action of bail-trover against Minnie Tinsley, for the recovery of certain personal property. The defendant failing to replevy the same, the plaintiffs gave bond as provided in section 3420 of the code, and took possession of the property.

This case was tried on the 13th day of June, 1894, and resulted in a judgment of nonsuit. Thereupon, counsel for the defendant asked leave to enter a judgment against the plaintiffs and their surety for the value of the property, as recited in the bond, and the judge announced that he would reserve his decision upon this

motion. The clerk having failed to enter the judgment of nonsuit on the minutes upon the day it was rendered, an order was passed on June 23d, 1894, directing that such judgment be so entered *nunc pro tunc.* On the same day another order was passed and entered on the minutes, adjudicating that the defendant recover of the plaintiffs and their surety on the bond the sum of $200.00, which was the value of the property as stated in the bond. This last order recited the motion which had been previously made by the defendant for this judgment, and the fact that the court had reserved its decision upon the same. It appears that on June 19th, 1894, the plaintiffs had surrendered the property to the deputy-sheriff who had originally seized it; and on June 21st, 1894, had brought another action of bail-trover for its recovery, against the defendant Tinsley. An execution was issued upon the judgment which she had obtained as above stated, and thereupon the Blocks brought an equitable petition alleging, among other things, the foregoing facts and the insolvency of Tinsley, and praying that the enforcement of her execution be restrained until their rights in the second bail-trover action could be heard and finally determined. This petition was dismissed on demurrer alleging that it set forth no equitable cause of action. The ruling by the court in this regard presents the only question for review.

In passing upon this question, we will first call attention to the fact that if, for any reason, the judgment of nonsuit was erroneously or improvidently granted, it was nevertheless fully binding upon the Blocks, they never having in any manner excepted to it. That the court was right in allowing the defendant Tinsley to enter up judgment against the Blocks and their surety for the restitution of the property or its value, is settled by the decision of this court in *Thomas* v. *Price*, 88 *Ga.* 533. That judgment, though not in fact entered upon

the minutes on June 13th, 1894, has the same force and effect as if it had been then entered; and even if it was not rightly granted, it was binding upon the Blocks for the reason that they never excepted to it. It makes no difference that the order allowing this judgment to be entered on the minutes was granted in the absence of their counsel. The motion by defendant's counsel for the allowance of such judgment was made in open court in the presence of counsel for the plaintiffs, and at the proper time; the judge thereupon signified that he would entertain the same, but would reserve his decision upon the question thus presented. For aught that appears in the record, counsel for the plaintiffs made no resistance to the motion whatsoever. At any rate, they had notice that the court had undertaken to pass upon the motion, and might at any time thereafter render judgment thereon against their clients. This being so, they were bound to take notice of any action the court might thereafter take upon the motion in open court, as the case was still undisposed of, so far as this motion was concerned. Indeed, it would seem, even in the absence of express notice of the fact that the defendant had moved to enter up judgment upon the forthcoming bond, the plaintiffs, in the exercise of diligence, would still have to look after their case to the extent, at least, of resisting a judgment against them upon their bond. They certainly must have known that, after nonsuit in their action of trover, they no longer had any right to the possession of the property; and if they made no effort to voluntarily restore its possession to the defendant, they surely had reason to anticipate that the defendant would ask for a judgment against them upon their bond. This, as was decided in *Thomas* v. *Price*, *supra*, the defendant could do by motion in open court immediately after the plaintiffs were nonsuited in their action, and they certainly would not be justified in abandoning their case at that stage of the proceedings.

Nor does it make any difference that, before the judge announced his decision upon the defendant's motion, the Blocks had already surrendered the custody of the property to the deputy-sheriff who made the original levy, and had begun a new action of trover against the defendant. Pending the action of the court upon the defendant's motion, the plaintiffs acted at their peril in surrendering the property to any one whomsoever, as so doing could in no way protect them as against any judgment the court might afterwards render in the defendant's favor.

When the judgment of nonsuit was rendered, and the defendant elected to take a money judgment for the value of the property, that property, so far as she was concerned, became the property of the Blocks; and when that money judgment was legally entered, as was done, and was acquiesced in by the Blocks by failing to except to it, the question of title to the property originally in dispute was forever settled between these parties. The Blocks gained nothing whatever by returning it to the officer, nor could they by this means wipe out all that had been done, and begin anew. The rights of all the parties having become fixed by the judgment finally entered in the original bail-trover action, it was too late, after the time for excepting to that judgment had expired, to reopen the proceedings by an equitable petition. The court below was therefore right in dismissing the same.          *Judgment affirmed.*