TINSLEY *v.* BLOCK, and *vice versa.*

1. The granting of a nonsuit in an action of bail-trover, where the plaintiff has obtained possession of the property sued for, by giving bond under section 3420 of the code, does not conclude him upon the merits of his action, and even though the defendant had obtained a money judgment upon that bond in lieu of a judgment of restitution, the plaintiff may nevertheless renew his action save as to the element of bail, and no conversion subsequent to the granting of the nonsuit need be proved in order to maintain the same.

2. Inasmuch as the plaintiffs in their second·action improperly required bail, their remedy, so far as relates to this element, was not maintainable, and the bail, had the same been given, could, in the light of the evidence, have been discharged on motion; but under the evidence as a whole, the question of the plaintiff's right to recover ought to have been passed upon by the jury, and therefore the superior court properly sustained the *certiorari,* the petition therefor assigning as error the granting generally of a nonsuit against the plaintiffs.

3. There was no error in refusing to render a final judgment in favor of the plaintiffs, ·or in remanding the case to the city court for a new trial.

March 23, 1896. Argued at the last term.

*Certiorari.* Before Judge Hardeman. Bibb superior court. April term, 1895.

At the March term, 1894, A. & N. M. Block filed in the city court of Macon their action of trover and bail for the recovery of certain personal property in the possession of Minnie Tinsley, of the alleged value of $200. She failed to replevy the property, and plaintiffs filed their bond and took possession. Defendant filed a plea admitting possession, demand and refusal to deliver, but claiming title in herself. On June 13, 1894, the case came on to be tried, and the plaintiffs were nonsuited. On June 19, they surrendered the property to the levying officer, and on June 21, renewed their action of trover and bail. On the next day the court, on motion of defendant and over plaintiffs' objection, rendered judgment *nunc pro tunc* in her favor against them for $200 on their bond, as the value of the

property. In their new suit plaintiffs alleged that the effect of the judgment of nonsuit was to restore the possession of the property to defendant; which allegation she denied by her answer. On the trial of the case, plaintiffs introduced evidence showing title to the property in them, which was at least sufficient to shift the burden of proof on defendant to show a superior title; also, that prior to the surrender of the property to the levying officer, they had tendered it to defendant, who refused to accept it, and that it has ever since been in possession of said officer. A nonsuit was granted on the ground, that plaintiffs had shown no possession by defendant nor conversion by her since the judgment in the original suit. This judgment was set aside on *certiorari*, and the case remanded to the city court for a new trial; to which ruling defendant excepted. By cross-bill, plaintiffs excepted to the refusal of the court to render final judgment in their favor.

*Harris & Harris*, for Tinsley.
*Freeman & Griswold*, contra.

LUMPKIN, Justice.

Many of the material facts of the present case are stated in the opinion filed in the case of *A. & N. M. Block v. Tinsley et al.*, reported in 95 *Ga.* 436. The second bail-trover action instituted by the Blocks on June 21, 1894, in renewal of their former action against the defendant Tinsley, resulted in the city court in a judgment of nonsuit, which, on *certiorari*, was set aside. It seems that the judge of the city court granted this last nonsuit on the ground that the plaintiffs had shown no possession by the defendant, nor a conversion by her, of the property in dispute subsequently to the granting of the first nonsuit. The *certiorari* being sustained, the case was remanded to the city court, and of this Mrs. Tinsley complains in her bill of exceptions. The Blocks, by cross-bill of exceptions, allege that the judge of the superior court erred in refusing to

render a final judgment in their favor, and in ordering a
new trial in the city court.

1. It cannot be denied that, as a general rule, a judg-
ment of nonsuit does not conclude the plaintiff upon the
merits of his cause of action. The code expressly pro-
vides, that if a plaintiff shall be nonsuited, and shall re-
commence his action within a given time, "such renewed
case shall stand upon the same footing, as to limitation, with
the original case." §2932. This necessarily implies that
a judgment of nonsuit is not a final adjudication of the
case against the plaintiff; for if it were, there could be no
renewal of the action at any time, and the question of limi-
tation would have nothing to do with the matter. Is there
any sound or valid reason why the right to renew an action
of bail-trover, in which a nonsuit has been granted, should
not rest upon the same footing as the right of renewal in
other cases? We cannot see why there should, in principle,
be any difference; and in a case where no complication arose
because of a replevy of the property in dispute by the plain-
tiffs, followed by a money judgment in lieu of a judgment
of restitution in favor of the defendant, there would be ab-
solutely no difficulty in holding that the plaintiffs could
recommence their action with all their original rights pre-
served. That there was such a replevy by the plaintiffs and
such a judgment in favor of the defendant cannot, we are
convinced, change the rule of law which would otherwise
be applicable. If, instead of the money judgment, Mrs.
Tinsley had obtained a judgment of restitution, and the
property had been actually returned to her possession, there
would be perfectly plain sailing. The original status of
the parties as they stood before the first action was brought
would have been restored, and it could not have been
seriously denied that the Blocks had a perfect right to renew
their suit. The fact that Mrs. Tinsley elected to take, and
actually obtained, a money judgment, does not alter the
principle involved. That judgment, unless reversed or set

aside, conclusively binds the Blocks, in so far as it adjudicated their liability to pay Mrs. Tinsley the amount for which it was rendered; but it adjudicated nothing as to the merits of their original cause of action, founded upon the alleged conversion by her of their property. In fact, that judgment was predicated upon a breach of the contract embraced in the replevy bond, by which the Blocks undertook to restore the property in the event they failed to recover in the identical pending action in connection with which this bond was given. By taking the money judgment Mrs. Tinsley relinquished all right to subsequent possession of the property, and the question as to the right of present possession is no longer open. But the question of title, put in issue by the plaintiffs' original action, has never been finally passed upon or adjudicated; nor has it yet been judicially ascertained whether or not Mrs. Tinsley, in the first instance, wrongfully converted to her own use property which really belonged to the Blocks.

In the opinion prepared by the writer in the former case, it was said that the Blocks "certainly must have known that, after nonsuit in their action of trover, they no longer had any right to the possession of the property; and if they made no effort to voluntarily restore its possession to the defendant, they surely had reason to anticipate that the defendant would ask for a judgment against them upon their bond." The following expression was also used: "Pending the action of the court upon the defendant's motion, the plaintiffs acted at their peril in surrendering the property to any one whomsoever, as so doing could in no way protect them as against any judgment the court might afterwards render in the defendant's favor." It was argued by counsel for the defendants in error, that these statements were not harmonious. In this view, however, we do not concur. Taking the two statements together, they simply mean that the nonsuit terminated all right of immediate possession which the Blocks had acquired by giving the bond;

and if they thereupon failed to restore the possession to the defendant, they subjected themselves to suit upon their bond, and acted at their peril in surrendering the property to any one else. That opinion also contained the following expression: "When the judgment of nonsuit was rendered, and the defendant elected to take a money judgment for the value of the property, that property, so far as she was concerned, became the property of the Blocks; and when that money judgment was legally entered, as was done, and was acquiesced in by the Blocks by failing to except to it, *the question of title to the property originally in dispute was forever settled between these parties.*" Counsel for the defendants also called into question the accuracy of the last clause of what is above quoted. We admit in perfect candor that this criticism is well founded. We really did not mean, nor wish to be understood as holding, that "the question of title to the property originally in dispute was forever settled between these parties." On the contrary, we intended merely to say that there was no longer any occasion for controversy between the parties as to *possession* of the property, and that the payment by the Blocks of the money judgment would practically result in their thereafter becoming the owners of the property, under a sort of enforced purchase, independently of whether, in point of fact, they had any previous title thereto or not. We certainly did not intend to convey the idea that, because of the facts recited, the question of title in dispute before the first action was brought was settled as against the Blocks. We did mean to say that Mrs. Tinsley voluntarily relinquished both ownership and possession by taking a money judgment in lieu of the property itself, and consequently the title (if any) which she thus surrendered went into the Blocks, and *she* could not thereafter assert any claim thereto. It was quite beyond the intention of the writer to convey the impression that, in our opinion, their right to show that the original title had been previously vested in them,

was cut off or affected by the judgment in Mrs. Tinsley's favor.

When the case is tried again, the plaintiffs must, in order to recover, show that there was in the first instance an unlawful and wrongful conversion of their property. If they succeed in doing this, the measure of damages will be the value of the property and its hire, or whatever damages may have been actually sustained in consequence of such conversion. The defendant cannot insist upon the position that the value of the property is not an element of damages, on the ground that the Blocks already have the property. Their present possession of the property is explained by the fact that, as Mrs. Tinsley elected to take a money judgment in her suit upon their replevy bond, they were practically compelled to buy the property from her. In other words, the Blocks have fully paid, or are liable to pay, for the possession they now hold.

It must result as a necessary conclusion from the foregoing, that the plaintiffs will not be under the necessity of proving any conversion subsequent to the granting of the first nonsuit. Their present right of action being predicated upon the original conversion, it will be sufficient, so far as this element of the case is concerned, if they prove a conversion prior to the bringing of their first action.

2. There was no occasion, in the second action, to require bail. In fact, so doing was illogical and inappropriate. Had a bail-bond been given, the sureties might have been discharged upon motion.

In view of the law as announced in the first division of this opinion, and of the evidence submitted at the last trial, the judge of the city court erred in granting a nonsuit, and this error was properly corrected by the order passed in the superior court sustaining the *certiorari*.

3. With reference to the cross-bill of exceptions, it need only be said that the superior court could not properly render a final judgment in a case involving disputed issues

of fact; and the judgment remanding the case to the city court for another trial was unquestionably correct and proper. *Judgment on both bills of exceptions affirmed.*