## 1391.  BANK OF BLAKELY v. COBB.

In an action of bail-trover, if the defendant does not replevy and the plaintiff executes the bond prescribed by section 4606 of the Civil Code and takes possession of the property, and thereafter fails to establish his right to recover, the defendant is entitled to take, as against him, his choice of the three forms of verdicts and judgments prescribed by sections 5334, 5335, and 5338 of the Civil Code. If he chooses a money verdict, he has an election of taking either the highest proved value of the property between the date the plaintiff received it and the time of the trial, without the addition of hire or interest, or of taking the market value of the property at the date the plaintiff received it, together with interest or hire accordingly as he may prove.

Trover, from city court of Blakely—Judge Jordan.   September 3, 1908.

Submitted November 25,—Decided December 8. 1908.

*Pottle & Glessner,* for plaintiff.

POWELL, J.  The bank instituted an action of trover against Cobb, and required bail.  The defendant being unable to give bail, the plaintiff took the property and gave bond under section 4606 of the Civil Code.  On the trial the defendant elected to take a money verdict in the event the plaintiff should fail to recover. The jury found a verdict in favor of the defendant for a named sum of money.  The plaintiff filed a motion for a new trial, in which it presents a number of alleged errors.  We do not think it necessary to discuss all the grounds in detail.  We deem it sufficient to say, that, in so far as the verdict is a finding against the plaintiff's right to recover, it is not without evidence to support it, and that after a careful review of the exceptions taken we find no error on the part of the court prejudicing or tending to prejudice the plaintiff's case as to this issue.

The plaintiff in error complains, however, that the court erred in charging the jury that if they found against the plaintiff's right to recover, they might find in favor of the defendant a money verdict for the property, according to the highest value proved between the date the plaintiff received the property and the time of the trial.  It is contended that the defendant in such a case is entitled only to a verdict of restitution, and not entitled to the choice of verdicts allowed to plaintiffs in trover cases by the Civil Code, § 5335.  It is said further that in no event is section 3917,

19

which provides .that, "in estimating the value of personalty unlawfully detained, the plaintiff may recover the highest amount which he càn prove between the time of the conversion and the trial," applicable in behalf of the defendant in such a case. Also, that even if a money verdict is allowable, it should be for only the market value of the property at the date of the execution of the bond, with interest, and there is in the record no evidence of the market value of the property at the time of the giving of the bond. This last objection may be disposed of summarily by the statement that the verdict is for less than the value of the property as it is alleged in the plaintiff's petition and bail, affidavit. It has been repeatedly held that as against the plaintiff these allegations of value are binding, and dispense with proof by the defendant. After running through the various decisions made by the Supreme Court as to the right of the defendant where the plaintiff has given bond under §4606 of the Civil Code, we are constrained to hold that the contentions of the plaintiff are not meritorious. That section of the code provides, that if the defendant fails to replevy, "the property shall be seized and taken by the sheriff or other lawful officer and delivered over to the plaintiff . . upon his entering into like recognizance with security." The recognizance referred to, as appears by looking to the preceding code section, is a bond "for the forthcoming of such personal property to answer such judgment, execution, or decree as may be rendered or issued in the case," and it is further provided therein that "such security shall be bound for the payment of the eventual condemnation-money for which judgment may be signed up." It seems now well settled, by the constructions which the Supreme Court has placed upon these sections from time to time as cases have arisen, that the legislative intention was to give a defendant who prevails in the suit the same rights against a plaintiff who has taken the property and given the bond as the plaintiff, if successful, would have had against the defendant if he had kept the property and had given the bond. "The law intends an impartial reciprocity of protection." It treats the taking of the property by the plaintiff, though made under form of law, as a conversion, when he fails to show that title which is and must be his first and prime justification for interfering with the defendant's possession. See, on this subject, *Mar-*

*shall* v. *Livingston,* 77 *Ga.* 21; *Thomas* v. *Price,* 88 *Ga.* 533 (15 S. E. 11); *Hays* v. *Jordan,* 85 *Ga.* 741 (11 S. E. 833, 9 L. R. A. 373); *Lauchheimer* v. *Jacobs,* 126 *Ga.* 261 (55 S. E. 55); *Mallary* v. *Moon,* 130 *Ga.* 591 (61 S. E. 401); *Block* v. *Tinsley,* 95 *Ga.* 436 (22 S. E. 672). In such cases the prevailing party has the election of recovering the highest value of the property between the conversion and the trial, without hire or interest, or of recovering the value at the time of the conversion, with interest or such hire as he may be able to prove. *Jaques* v. *Stewart,* 81 *Ga.* 82 (6 S. E. 815). Looking to the charge as a whole, we think that the trial judge presented the case to the jury fairly and without error, both as to the question of the plaintiff's right to recover and as to the question of how much the defendant should recover in the event the plaintiff did not succeed in proving title.

*Judgment affirmed.*