### 3260.  KAUFMAN *v.* SEABOARD AIR-LINE RAILWAY *et al.*

1. The owner of certain goods delivered them, through his agents, to a common carrier, for transportation, and the agents took a bill of lading therefor in their own names. When the goods arrived at destination the agents refused to deliver the bill of lading to him, but he demanded that the carrier deliver the goods to him. The carrier refused to deliver to him unless he would produce the bill of lading. *Held,* that the carrier's refusal to deliver, under the circumstances stated, did not constitute a conversion; and that the owner of the goods could not maintain bail-trover for them against the carrier.

2. If the plaintiff in bail-trover replevies the property in controversy, on the defendant's failure to do so, and at the trial of the case suffers nonsuit, the defendant may enter up judgment against the plaintiff and the sureties on his bond for the value of the property; and if the defendant is content with the value stated in the plaintiff's affidavit to obtain bail, no further proof or assessment of value is necessary.

3. The principle stated in the immediately preceding headnote is applicable notwithstanding the defendant may not claim any title to the property, and only holds possession for some special purpose or under some limited right or title. The money recovered by the defendant through judgment is held for the benefit of all persons having lawful claim to or upon the property, accordingly as their respective interests may appear.

DECIDED JANUARY 15, 1912.

Trover; from city court of Atlanta—Judge Reid.  February 2, 1911.

Kaufman engaged Jones & Company to crate and pack his furniture and to ship it to him from Norfolk, Virginia, to Atlanta, Georgia. Jones & Company shipped the goods by the Seaboard Air-Line Railway, taking the bill of lading in their own names. They attached this bill of lading to a draft for the amount which they claimed Kaufman owed them for their services in packing and crating the goods, and for freight charges paid by them on the shipment. When the goods arrived in Atlanta, Kaufman demanded them of the railway company, but delivery was refused

on the ground that he did not produce the bill of lading. He claimed that the goods had not been properly packed, and that, by reason of the negligence of Jones & Company in this respect, the shipment had suffered damage in excess of the amount of their charges. He therefore declined to pay the draft drawn on him by Jones & Company, and, hence, did not get possession of the bill of lading so that he could produce it in response to the railway company's demands. Thereupon he brought bail-trover against the railway company and its local agent; and, upon the company's refusal to replevy, the plaintiff gave bond in terms of the statute and took the goods. At the trial, the facts appearing substantially as has been stated, the court awarded nonsuit, and allowed the defendant to take judgment against the plaintiff on his bond for $800, the amount stated in the plaintiff's petition and affidavit for bail as the value of the goods. To this the plaintiff excepted. There are certain other assignments of error, as to rulings on evidence, but the opinion of this court on the main question is of such a nature as to render unnecessary any decision on these minor questions.

*Joseph W. & John D. Humphries, William F. Phillips,* for plaintiff.

*King & Spalding and Underwood,* for defendants.

POWELL, J. (After stating the foregoing facts.)

1. "The gist of the action of trover is the conversion of the plaintiff's property by the defendant, that is to say, that the defendant wrongfully deprived the plaintiff of possession." *Bell* v. *Ober,* 111 *Ga.* 668, 672 (36 S. E. 904). That in the present case the railway company acquired possession of the goods lawfully is conceded; the goods were delivered to it in regular course by the plaintiff's own agents. However, a conversion may consist in retaining possession lawfully acquired after the right to retain it has ended; and this is what the plaintiff contends happened in this case. So the plaintiff's right to recover depends upon whether the defendant company, as a common carrier, was justified in retaining the goods and in enforcing its demand for a production of the bill of lading as a condition precedent to delivery, against his demand that the goods be delivered to him on his claim that he was the true owner, notwithstanding the bill of lading was outstanding in the name of another. This point is settled adversely to the plaintiff in the case of *Sellers* v. *Savannah, Florida & Western Ry. Co.,* 123 *Ga.*

386, where it is held that "Inasmuch as the law imposes liability upon a common carrier when a delivery of freight is made by mistake to a person not entitled to receive the same, it is the right of the carrier to call upon an unknown person claiming a shipment to identify himself and establish his claim thereto; and where a bill of lading covering the shipment has been issued, the carrier may demand its production as a condition precedent to making delivery."

2. In bail-trover where the defendant fails or refuses to replevy and keep the possession of the goods, the plaintiff has the option of doing so. Civil Code (1910), § 5152. However, if the plaintiff thus causes the possession of the property to be transferred from the defendant to him, he stands chargeable as for a conversion of it, unless he recovers in the suit. If the case proceeds to verdict and the defendant prevails, he is entitled to take his choice of one of three forms of verdict, namely: (1) for the specific property, or (2) for the market value of the property at the date of the conversion, with the addition of hire or interest, or (3) for the highest proved value of the property between the date of the conversion and the date of the trial, without hire or interest; and if he chooses a money verdict, he may take judgment against the plaintiff and the sureties on the replevy bond for the amount assessed by the jury in his favor. *Bank of Blakely* v. *Cobb,* 5 *Ga. App.* 289. The defendant has a similar option if the plaintiff's action is dismissed (*Marshall* v. *Livingston,* 77 *Ga.* 21), or if it terminates in nonsuit. *Lauchheimer* v. *Jacobs,* 126 *Ga.* 261. The defendant in any of these events may ask for the question of value to be submitted to the jury for assessment; but, if he is content with the value sworn to by the plaintiff in his affidavit for bail, verdict is unnecessary, and he may, upon the sworn admission of the plaintiff as contained in this affidavit, take judgment against the plaintiff and his sureties for the sum stated in the affidavit, with interest thereon. See, in addition to the cases cited above, *Mallory* v. *Moon,* 130 *Ga.* 591; *Block* v. *Tinsley,* 95 *Ga.* 436; *Thomas* v. *Price,* 88 *Ga.* 533; *Hayes* v. *Jordan,* 85 *Ga.* 741; *Jaques* v. *Stewart,* 81 *Ga.* 82.

3. It is contended, however, that, though the general rule may be as has been stated, it does not apply where the defendant whose possession has been violated does not claim to own the property absolutely, but holds the possession under some special right or title; that in this case the judgment of the court below would result in

grave injustice if allowed to stand, because the defendant claimed no title to the goods, but claimed only the right to hold them, in its capacity as a common carrier, until the question as to who had the right to receive them could be determined; that as the goods were the plaintiff's, he ought not to be required to pay the defendant for them. The rule does apply, and no injustice is done. The plaintiff took the goods from the defendant's possession without having the right to do so. When his lack of right was judicially established, it was obligatory on him, under his replevy bond, to put the property or its value in money back into the defendant's hands. When, under the restitution, the defendant company takes money instead of the property, it will hold the money on terms like those on which it held the property. The defendant will hold the money not for its own ultimate benefit, but for its protection. The plaintiff, by presenting the bill of lading and by identifying himself as the owner of the goods, will be entitled to receive the money from the defendant on the same terms as he would have been entitled to receive the goods. If he can not get possession of the bill of lading, because of illegal claims asserted by Jones & Company, he may take such steps in law or in equity as shall be necessary to extinguish these claims, to identify himself as the sole owner of the goods and to give adequate protection to the defendant. These things could not be accomplished in the present action, for lack of necessary parties, if for no other reason. The only real ultimate hardship, if any, on the plaintiff is that he will have to pay the costs; and this hardship he imposed on himself by mistaking his remedy.                    *Judgment affirmed.*