POPE *v.* SCOTT.

LUMPKIN, J. 1. There being conflicting evidence on the subject of whether notice of a motion for a new trial was given, and also as to whether there was proper notice of the setting down of the case for a trial after a new trial had been granted, there was no abuse of discretion in refusing to grant an injunction to restrain the enforcement of the judgment

entered upon a replevy bond given by the plaintiff in the bail-trover proceeding, because of an alleged want of notice in the particulars mentioned.

2. Where a plaintiff in an action of trover sues out bail process, and, upon failure of the defendant to give bond, gives a bond and obtains possession of the property, and subsequently fails to prosecute his action, whereupon it is dismissed for want of prosecution, the judgment of dismissal so far operates as a judgment of restitution as to authorize the court to enter judgment on the replevy bond for the value of the property. *Marshall* v. *Livingston,* 77 *Ga.* 21; *Smith* v. *Adams,* 79 *Ga.* 802 (5 S. E. 242); *Thomas* v. *Price,* 88 *Ga.* 533 (15 S. E. 11).

(*a*) As against the replevying party, a judgment may be entered on such bond by the court for the value of the property replevied, as stated in the pleading of such party and in the bond given by him; and it is not necessary to bring suit on the bond or to have a jury trial. *Lauchheimer* v. *Jacobs,* 126 *Ga.* 261 (55 S. E. 55).

(*b*) In determining the amount for which judgment shall be rendered in lieu of a writ of restitution, the court may consider the bond itself and the plaintiff's declaration and affidavit to require bail. It does not appear in the present case that the court did not have before it sufficient data from which to ascertain the amount of the judgment rendered. See the authorities cited supra.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

MARCH 9, 1915.

Petition for injunction. Before Judge Ellis. Fulton superior court. June 30, 1914.

*S. C. Crane* and *Gober & Jackson,* for plaintiff.

*George Westmoreland* and *Joseph W. & John D. Humphries,* for defendant.