## KENNEDY *v.* LINDER.

ATKINSON, J.   Where the plaintiff brings an action of bail-trover, and where neither party replevies the property, but the property is turned over to the plaintiff by the officer who seizes the same under the trover proceedings, and the plaintiff dismisses his action or is nonsuited, the judgment of dismissal is in effect a judgment for the restoration of the property, and upon failure of the plaintiff to restore the property when his case is dismissed or nonsuited, the defendant is entitled, at his election, to a judgment against the plaintiff for the value of the property involved in the bail-trover proceedings.  The plaintiff is in no better position than he would have been in case he had taken possession of this property under bond.  *Marshall* v. *Livingston,* 77 *Ga.* 21; *Smith &c. Co.* v. *Adams,* 79 *Ga.* 803 (5 S. E. 242) ; *Livingston* v. *Marshall,* 82

*Ga.* 281 (5) (11 S. E. 542); *Thomas* v. *Price,* 88 *Ga.* 533 (15 S. E. 11); *Lauchheimer* v. *Jacobs,* 126 *Ga.* 261 (4) (55 S. E. 55); *Mallary* v. *Moon,* 130 *Ga.* 591, 593 (61 S. E. 401); *Pope* v. *Scott,* 143 *Ga.* 275 (2) (84 S. E. 582); *Petty* v. *Piedmont Fertilizer Co.,* 146 *Ga.* 149 (2) (90 S. E. 966). Applying the above principles we answer the first question of the court of appeals in the affirmative, and the third question in the negative. This renders an answer to the second question unnecessary.                              *All the Justices concur.*

No. 6669.    MARCH 1, 1929.

*S. P. New,* for plaintiff in error.    *C. C. Crockett,* contra.