21133. STACY *v.* FLEMING.

JENKINS, P. J. 1. The judgment complained of in this case was entered on November 10, 1930. The bill of exceptions, which prayed for transmission of the writ of error to this court, was certified on November

21, 1930, and counsel for the defendant in error acknowledged service the same day. In the original certificate there was no direction for transmission of the writ of error and the record to any court. Thereafter, on December 8, 1930, within thirty days from the judgment, the court entered an order "to be effective as of date of November 21, 1930," directing that the clerk transmit the proceedings to the Court of Appeals. *Held*:

(a) "Where counsel acknowledges service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the, counsel signing it is legally competent to waive, whether such signing is done before or after the signing of the writ of error, unless counsel in the entry of acknowledgement distinctly and specifically states that it is not to be construed as waiving some particular defect then pointed out by him." Ga. L. 1911, p. 149; Michie's Code (1926), § 6160 (1). Accordingly, there being no reservation by counsel for the defendant in error in the written acknowledgement of service in the instant case, the service of the bill of exceptions was sufficient.

(b) The language of the Civil Code (1910), § 6145, prescribing the form of the certificate of the trial judge to a bill of exceptions, except in so far as it requires that the judge certify the bill of exceptions to be true, is directory merely. *Bailey & Carney Buggy Co.* v. *Guthrie*, 1 *Ga. App.* 350 (58 S. E. 103); *Nix* v. *Armour Fertilizer Works*, 40 *Ga. App.* 745 (2) (151 S. E. 561). It is the duty of the trial judge to whom a bill of exceptions is presented to see that the certificate is in legal form before signing the same, and "no failure of any judge to discharge his duty in this respect shall prejudice the rights of the parties by dismissal or otherwise." Civil Code (1910), § 6147. Accordingly, the trial judge having certified the bill of exceptions to be true, and the writ of error and the record having been properly transmitted to this court, which has jurisdiction of the subject-matter of the litigation, the motion to dismiss the writ of error is denied. See, in this connection, *Dyal* v. *Foy & Shemwell Inc.*, 159 *Ga.* 848, 851 (126 S. E. 783).

2. If the plaintiff in a bail-trover proceeding replevies the property on the defendant's failure to do so, and at the trial of the case suffers a nonsuit, or voluntarily dismisses his action, "the defendant may enter up judgment against the plaintiff and the sureties on his bond for the value of the property; and if the defendant is content with the value stated in the plaintiff's affidavit to obtain bail, no further proof or assessment of value is necessary." *Kaufman* v. *Seaboard Air-Line Ry.*, 10 *Ga. App.* 248 (2), 250 (73 S. E. 592); *Marshall* v. *Livingston*, 77 *Ga.* 21; *Underwood Typewriter Co.* v. *Veal*, 12 *Ga. App.* 11 (76 S. E. 645); *Wilson* v. *Swords*, 22 *Ga. App.* 233 (95 S. E. 1013). The fact that the defendant may not claim any title to the property, but holds possession for some special purpose or under some limited right or title, will not change the rule. *Kennedy* v. *Linder*, 168 *Ga.* 247, 248 (147 S. E. 64); *Kaufman* v. *Seaboard Air-Line Ry.*, supra. Whether or not, where there is an absolute disclaimer of all title by the defendant, the defendant would be entitled, upon the plaintiff's voluntary dismissal of the suit in trover, to judgment against the plaintiff and his bondsmen for the value of the property replevied by the plaintiff, in the instant case

there was no such absolute disclaimer, since the defendant, while dis-
claiming title to the property, further alleged in her answer to the
trover suit that she had been induced by fraud to purchase the property
from the plaintiff, who had retained the title thereto, and by her
answer sought a cancellation of the unpaid purchase-money notes and
a recovery of the portion of the purchase-price paid.

4. Under the foregoing rulings, the court erred in refusing to permit the
defendant, upon the plaintiff's voluntary dismissal of the trover suit,
to enter judgment against the plaintiff and the surety on her replevy
bond, for the value of the property as stated in the affidavit to obtain
bail. The money recovered by the defendant through such judgment
will be held for the benefit of all persons having lawful claims to or
upon the property, accordingly as their respective interests may appear.
*Kaufman* v. *Seaboard Ry.*, supra.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JULY 17, 1931.

*Charles W. Anderson, Clark Ray,* for plaintiff in error.
*A. L. Henson,* contra.