### SWANN et al. v. WRIGHT et al.

No. 8914.   FEBRUARY. 16, 1933.   REHEARING DENIED MARCH 2, 1933.

*C. C. King, Reuben M. Tuck,* and *Luther Roberts,* for plaintiffs in error.

*Roberts & Roberts,* contra.

BECK, P. J.   On May 22, 1931, the State superintendent of banks issued fi. fas. against Mrs. Hugh Wright, Miss Lucy White, Mrs. Frances M. Dearing Hay, and Mrs. B. A. Lunsford, as stockholders of the Bank of Newton County, it being recited in the fi. fas. that notice had been duly given. The defendants in fi. fa., after the levy, filed their affidavits of illegality. Subsequently the parties named and others, as stockholders of the bank, brought an equitable petition against T. C. Swann, N. S. Turner, and others, alleging that the named defendants constituted the officers and directors of the said bank for the years 1927-1930; that in December, 1926, the bank received notice from the State Banking Department that the capital stock of the bank had become impaired, and that it would be necessary to levy an assessment against the stockholders; that thereupon T. C. Swann and N. S. Turner "made a proposition to the stockholders to turn over their stock with full voting power to them, and to guarantee repayment of any cash advanced by them and to pay 100% assessment on their stock, and that they would furnish the bank from time to time sufficient money to carry on its business on a sound basis; and petitioners carried out their part of the contract;" that during the years specified the stockholders, having confidence in Swann and Turner, took no interest in the management of the bank; that Swann and Turner did not in good faith carry out the terms of the contract, and did not furnish money to the bank as agreed; that in March, 1931, Swann and Turner, "who were in truth and in fact the bank of Newton County, delivered the bank's assets to the State Banking Department, and on May 5, 1931, filed an offer to purchase the assets of the bank by paying 60% to the depositors in cash," which offer was accepted by the State superintendent of banks and was presented to the judge of the superior court, who approved the same, and Swann and Turner took

over the entire assets of the bank, including assessments of 100 per cent. against the stockholders, for which executions were issued against the stockholders on May 22, 1931. It is charged that Swann and Turner made certain profits which they were not entitled to make, and had in several respects breached the contract which had been entered into; that "when the assets are collected and Turner and Swann and the interests they represent have received 60% of their deposits and the sums advanced by them to pay expenses and other claims, there will be a sufficient amount realized to pay themselves and other stockholders 100% of their stock." It is further alleged that after the offer referred to was made to the State Banking Department, Swann and Turner organized a "fake corporation," to which all the assets of the bank were transferred by the superintendent of banks, for the purpose of placing the assets of the bank in the hands of a third person, and to thus prevent an accounting between Swann and Turner and petitioners; that the executions were transferred to this corporation; that the defendants in fi. fa. filed affidavits of illegality to the levy made on their property, and these affidavits are now pending, and the transferee is threatening to levy on the property of the petitioners and other stockholders; that the executions issued illegally, and are null and void for reasons stated. In the affidavits of illegality the validity of the executions is attacked upon the ground, among others, that the superintendent of banks exceeded his authority in levying an assessment of 100 per cent., in view of the amount of the cash assets of the bank taken over by him, and for other reasons set forth in the affidavits. It is charged that the superintendent of banks transferred the executions to the corporation referred to as a "fake corporation," Piedmont Investment Corporation of Newton County. There are many other allegations to which it is not necessary to refer. The petition contained the prayer, among others, that a receiver be appointed to liquidate all the assets of the Bank of Newton County, which had been transferred by the State Banking Department to the Piedmont Investment Corporation; that this corporation be required to produce in court the executions issued by the State Banking Department, for the purpose of cancellation; that the "illegality proceedings" referred to be consolidated with this cause; and that Piedmont Investment Corporation, as transferee, be enjoined from further proceeding on said assessment executions

pending a trial of the issues involved. In other allegations the petitioners insist that the facts alleged set forth a cause of action against Swann and Turner and the other defendants, as for a tort, for fraud, misfeasance, and many acts of wrong-doing.

The defendants filed general and special demurrers to the petition, on the ground, among others, of nonjoinder of parties defendant, "in that the superintendent of banks of Georgia, as statutory receiver, and the Bank of Newton County are essential parties" in such a suit as this, and they are not named as parties. The demurrers were overruled. The court erred in overruling the demurrer based on the ground that the State superintendent of banks was a necessary party, in view of the allegations both in the affidavits of illegality and in the petition. And having erred in overruling this demurrer, what took place afterwards was nugatory.

*Judgment reversed. All the Justices concur.*