## SHEPARD *v.* VEAL *et al.*

No. 9743. FEBRUARY 20, 1934.

*C. C. Crockett,* for plaintiff in error.
*Blackshear & Blackshear,* contra.

BELL, J. S. L. Veal brought an action of bail-trover against D. E. Shepard, and gave bond and took possession of the property in accordance with the Civil Code, § 5152. On the trial he was unable to prove title, and voluntarily dismissed his suit. Whereupon Shepard elected to take a money verdict for the value of the property as stated in the bond, and verdict and judgment were rendered accordingly. No exception was taken by the plaintiff. Thereafter an execution based upon the judgment was levied on land of the plaintiff. He filed the present suit to enjoin the sale, and for other purposes, only Shepard and the levying officer being made parties defendant. No answer was filed by either defendant, but Shepard filed a demurrer on the grounds that the petition failed to state a cause of action, and that it was defective for the want of a necessary

party, to wit, Mrs. Shepard. The court overruled the demurrer and granted an interlocutory injunction. Shepard excepted.

The petition contained the following allegations: On February 7, 1931, Veal sold to Mrs. Shepard, the wife of the defendant, two mules for $300, being the property later involved in the trover suit. The oral contract of sale provided that Mrs. Shepard would execute to Veal "a retention-title" note for the purchase-money, to become due on September 15, 1931. The person who prepared the contract was furnished by the parties with a printed form containing a stipulation for reservation of title and a clause by which the maker could include a mortgage on other property. By inadvertence and error of the scrivener the description of the property sold to Mrs. Shepard was written in such position as to make the instrument a mortgage, and not a conditional sale, with reference to this property. No part of the purchase-money was ever paid, and on maturity Veal "proceeded to foreclose his note as a mortgage," and the mortgage execution was levied on the property. Veal "then had an attachment for purchase-money, returnable to the March quarterly term of the city court of Dublin, which was also levied on the mules described in paragraph two hereof, and the said D. E. Shepard interposed his claim to said property and falsely swore that it was his property, not the property of Mrs. D. E. Shepard, and that it was not subject to said attachment, and when said claim came on to be heard the said D. E. Shepard dismissed same, and judgment for cost was rendered against him. That at the time of filing said claim defendant also executed to W. H. Adams, sheriff, claim bond and forthcoming bond," copies of which were attached to the petition.

"Your petitioner then instituted his action of trover against the said D. E. Shepard, and the mules described . . were seized by the officers. Your petitioner then gave bond required by law, and took possession of said property, after the defendant had failed and refused to replevy same. . . D. E. Shepard filed his answer in said action of trover, and the case thus made came on for trial in the city court of Dublin on the 8th day of December, 1932. At said trial it appeared that the note given as above stated was a mortgage note rather than a title note; and plaintiff therein, seeing that he could not prevail, dismissed his suit. Whereupon D. E. Shepard, the defendant therein, elected to take a money verdict

against your petitioner for the value of the property as set out in his petition, and judgment was thereupon rendered for D. E. Shepard and against S. L. Veal and J. P. Jernigan, the surety on the bond given by him in the trover suit above described, for $350, as the value of the said property, and $49 hire thereof. . . By his election to take a money judgment the said D. E. Shepard broke his forthcoming bond given in claiming the property levied on under the attachment as above set out, and voluntarily made it impossible for him to comply with the terms of his bond." At the direction of Shepard the execution was levied upon described land as property of petitioner.

"The mortgage note from Mrs. D. E. Shepard to S. L. Veal, given for the purchase-price of said mules, was duly recorded on the 9th day of February, 1931, on the records of the clerk of the superior court of Laurens County, same being within two days from the date of said note; and . . in addition to the constructive notice imparted by properly recording said note, D. E. Shepard had actual knowledge of the giving of said note and of every step of the said transaction. . . The defendant has suffered no loss, has given up nothing of value, and the judgment rendered in his favor and against your petitioner is inequitable and should not be allowed to proceed. That same is based only on a legal fiction, and is not based on any obligation, actual or implied, owing by said Veal to him." If the defendant Shepard had "elected to take a judgment for the property, the lien of his mortgage would have continued a lien on said property, and the only property that the said Shepard would have had in said mules would have been the value of the equity therein. Petitioner further shows that on the trial of the trover suit in the city court of Dublin defendant was required to introduce no evidence as to the worth of the property, and judgment was rendered therein predicated solely on the value of the mules as alleged by him in his petition." Mrs. D. E. Shepard is insolvent, as is D. E. Shepard. "Petitioner also shows that to allow D. E. Shepard to proceed to enforce the execution in his favor against the said Veal would have the effect of divesting the lien which he had on the property; and if said lien is divested, it should attach to the funds which replace it." The prayers were for process against D. E. Shepard, and that he and the levying officer be enjoined from selling the property or taking other steps to en-

force the execution until the further order of the court, and "that said judgment and execution thereon be canceled or at least diminished and reduced by the amount of the debt owing by the said Mrs. Shepard to the petitioner, and which was a lien on said property."

■ The court erred in not sustaining the demurrer and dismissing the petition. Certainly the petitioner, Veal, was not entitled to a cancellation of the judgment rendered against him and in favor of Shepard in the trover suit, and the only other basis of his petition was the alleged right to a deduction of the amount of the indebtedness of Mrs. Shepard, for which he claimed a lien on the property. In the circumstances appearing, the verdict and judgment in favor of Shepard followed as a proper and lawful consequence upon the dismissal of the trover suit. *Thomas* v. *Price,* 88 *Ga.* 533 (15 S. E. 11) ; *Lauchheimer* v. *Jacobs,* 126 *Ga.* 261 (5) (55 S. E. 55) ; *Kennedy* v. *Linder,* 168 *Ga.* 247 (147 S. E. 64). The plaintiff shows no cause for relief by reason of any alleged error on the part of the scrivener, since he must have known that the instrument relied on was a mortgage, and not a conditional sale, at the time he instituted the trover action. He had previously foreclosed the paper as a mortgage, and he does not allege that he was mistaken as to its character when he filed the trover suit. Thus the judgment is one that he could have prevented by the exercise of the slightest diligence, and in such case equity will not save him from any burden which is inherent in the judgment itself. *Hill* v. *Harris,* 51 *Ga.* 628 ; *Simmons* v. *Marlin,* 53 *Ga.* 620 ; *Block* v. *Tinsley,* 95 *Ga.* 436 (22 S. E. 672) ; *Latimer* v. *Irish-American Bank,* 119 *Ga.* 887 (47 S. E. 322). It is alleged that both Shepard and his wife are insolvent, and while insolvency with other facts may afford ground for the intervention of a court of equity in certain instances, the mere fact that the plaintiff in the judgment and his wife were both insolvent would, of course, afford no ground for cancellation. And even a claim for equitable set-off is a different matter from cancellation, as is also the right to assert a lien upon the judgment or the proceeds thereof. The petition alleges no other facts as a basis for cancellation, and as to that feature of the case it is clear that no cause of action is shown.

■ The petition seems to hint at a claim for equitable set-off. We refer to the allegation that "by his election to take a money judgment the said D. E. Shepard broke his forthcoming bond given

in claiming the property levied on under the attachment . . and voluntarily made it impossible for him to comply with the terms of his bond." Is the plaintiff in a position to assert this contention after an adjudication that he himself caused the property to be taken from the defendant's possession by an unauthorized action of bail-trover? It is now unnecessary to decide this question; but even if it should be answered in the affirmative, and also if such an unliquidated claim of damages with insolvency of the defendant might be made the basis of an equitable set-off (cf. *Tommey* v. *Ellis,* 41 *Ga.* 260; *Hawkins* v. *County of Sumter,* 57 *Ga.* 166; *Harris* v. *Gano,* 117 *Ga.* 934 (2), 44 S. E. 11; *Saffold* v. *Evans,* 146 *Ga.* 180 (2), 91 S. E. 21; *Crandall* v. *Shepard,* 166 *Ga.* 396 (3), 402, 143 S. E. 587; Civil Code of 1910, §§ 4349, 4593), the petition here is still inadequate for the grant of any such relief, for the simple reason that it does not show any disposition of the attachment case, nor allege any amount as damages for the alleged breach of the forthcoming bond, and does not even pray for such a set-off. Cf. *Parham* v. *Potts-Thompson Liquor Co.,* 127 *Ga.* 303 (3) (56 S. E. 460); *Jordan* v. *Jenkins,* 17 *Ga. App.* 58 (2) (86 S. E. 278).

■ This brings us to the plaintiff's contention that he should have a lien upon the proceeds of the judgment as the converted value of the mules upon which he held a mortgage for the purchase-money. It is alleged in effect that Shepard really had no title to the mules, but that the title remained in Mrs. Shepard subject to the mortgage for purchase-money. In these circumstances, the plaintiff relies on the case of *Kaufman* v. *Seaboard Air-Line Railway,* 10 *Ga. App.* 248 (73 S. E. 592), where it was held that where the defendant in a trover action, upon the plaintiff's defeat, recovers a money judgment for the value of the property as a means of restitution, the defendant, if his possession was limited to some special purpose of right, will hold the money recovered by such judgment on the same terms and conditions as he held the property, that is, for the benefit of all persons having any lawful claim to or upon the property accruing as their respective interests may appear. See also *Stacy* v. *Fleming,* 43 *Ga. App.* 591 (2) (159 S. E. 735); *Tinsley* v. *Block,* 98 *Ga.* 243 (25 S. E. 429). But, even if the plaintiff has shown prima facie that the mortgage is still a valid subsisting lien and that the proceeds of the judgment should be subject

thereto, we think he should not be allowed to proceed for this purpose until Mrs. Shepard has been made a party and afforded an opportunity to be heard upon this question. By the allegations, the fund to be derived from this judgment will represent the proceeds of her property, and she may or may not have something to say as to whether the plaintiff is entitled thereto as he claims. A court of equity should not undertake to make an adjudication with respect to her rights until and unless she is made a party. *Wyche* v. *Green*, 32 *Ga.* 341; *Roberts* v. *Moore*, 136 *Ga.* 790 (3) (72 S. E. 239); *Isom* v. *Nutting*, 153 *Ga.* 682 (113 S. E. 197); *Cowan* v. *Nicholson*, 158 *Ga.* 425 (123 S. E. 681); *Swann* v. *Wright*, 176 *Ga.* 372 (168 S. E. 11).

■ Finally, the petition seems to be defective, because the plaintiff does not offer to do equity. The plaintiff is attempting to assert a lien on what might be the indirect proceeds of property upon which he held a mortgage. He prays that the judgment against him and in favor of the defendant be reduced by the amount of the mortgage he claims against the defendant's wife. This is an admission that the amount of the debt alleged to be due by the wife, Mrs. Shepard, was less than the amount of the judgment; and since the petition fails to show any right in the plaintiff to the excess, the difference as between him and the defendant should be paid to the latter, Mrs. Shepard not having been made a party. Such difference is a matter of exact calculation, and this amount at least should have been tendered. *Wilkinson* v. *Holton*, 119 *Ga.* 557 (46 S. E. 620); *Farnell* v. *Brady*, 159 *Ga.* 209 (2) (125 S. E. 57); Civil Code (1910), § 4521.

The petition failed to set forth a cause of action, and it was error to overrule the general demurrer and to grant an interlocutory injunction.     *Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurs on the ground that it appears from the allegations of the petition that the plaintiff by the prosecution of inconsistent remedies waived the lien of the mortgage; and on the further ground that none of the allegations show that the plaintiff is entitled to the equitable relief which he seeks.