HILL v. FAIN et al.

RUSSELL, C. J.  1. The court did not err in overruling the demurrers to the petition.

2. Conceding that the municipal court of Atlanta did not err in dismissing the action of trover and in permitting the defendant to take judgment against the plaintiff and her security for the value of the automobile, clearly, under the allegations of the petition, the judge of the superior court did not err in granting the interlocutory injunction of which complaint is made. Under the facts as they appear in the record, in a recovery upon the bond the defendant would hold the money merely as a substitute for the automobile, and for his protection in the collection of the amount due him for repairs, and any overplus would be held merely as agent for the owner of the automobile. Since it is alleged that the defendant is utterly insolvent and the plaintiff might never be able to obtain the funds, she having paid all demands for the repairs,

with the cost of their foreclosure, the court did not err in granting the injunction.

3. The facts of this case differentiate it from *Johnson* v. *Driver*, 108 *Ga.* 595, 599 (34 S. E. 158), *Block* v. *Tinsley*, 95 *Ga.* 436 (22 S. E. 672), and *Hunter-Benn & Co.* v. *White*, 144 *Ga.* 580 (87 S. E. 775), and bring it within the principle stated in *Kaufman* v. *Seaboard Air-Line Railway*, 10 *Ga. App.* 248 (73 S. E. 592), that "where, under the restitution, the defendant company takes money instead of property, it will hold the money on terms like those on which it held the property. The defendant will hold the money not for its own ultimate benefit, but for its protection."

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

No. 10106. AUGUST 10, 1934.

*Noah J. Stone,* for plaintiff in error.

*R. Beverly Irwin, John I. Kelley,* and *Dorsey, Shelton & Pharr,* contra.