### 45796. HOUSEHOLD FINANCE CORPORATION v. PUGMIRE LINCOLN-MERCURY, INC. et al.

EVANS, Judge. Household Finance Corp. of Marietta sued Pugmire Lincoln-Mercury, Inc., and Walter L. Richards for the conversion of a certain automobile in the amount of $710. The affidavit to obtain bail was attached thereto stating the value of the automobile as $710 now in the possession, custody or control of Richards, and the affiant had reason to apprehend that the said property will be concealed and not be forthcoming to answer the judgment. The automobile was seized and placed in custodia legis, neither party putting up bond and obtaining possession. Pugmire Lincoln-Mercury, Inc., filed a third-party complaint against Mary Garcia, demanding that all sums that may be adjudged against it in favor of the plaintiff be awarded against the third-party defendant. This third-party defendant filed a third-party complaint against one James F. Shelley, asking for judgment against him for all sums being adjudged against her. The case came on for trial and after plaintiff had rested his case each of the defendants moved for a directed

verdict in favor of each. The court stated that it was granting each of the motions, whereupon the plaintiff dismissed its action before the court's order on the motions could be reduced to writing. A confusing situation then occurred with respect to whether or not the dismissal by the plaintiff was prior to the direction of the verdict in favor of each of the defendants. The plaintiff moved for a new trial on the general grounds, and the defendant Richards made application for a writ of restitution. Numerous rulings were made, including the dismissal of the application for the writ. The court then held on consideration of the motion for new trial that it had "erroneously refused to permit the plaintiff to dismiss its case as written across the pleadings . . . before the written order granting the motion for a directed verdict had been entered," and ruled that "all action taken by the court after the dismissal would be nugatory and the order granting the directed verdict is void, and said case stands dismissed."

Pugmire Lincoln-Mercury, Inc. filed a motion for writ of restitution based upon the law that, when a plaintiff dismisses a bail trover suit, the defendant is entitled to recover of the plaintiff and entitled to make an election of verdicts, and that it elected to take the market value of the property at the date of its conversion and the hire for said vehicle from said date until the date the court makes its ruling in said matter, alleging the reasonable hire for said automobile to be $5 per day from its seizure until the court rules on the writ of restitution. It further alleged that it had sold the vehicle to Richards and that it will hold any amounts received as a verdict under this writ for the benefit of Richards. It sought a judgment in the amount of $900 for the value of the automobile, and a sum of $2,580 representing the reasonable hire, and for the further rate of $5 per day from the date of the filing to such time as the court rules upon the writ of restitution, and that all costs of these proceedings be cast upon the plaintiff. It later amended its application for writ of restitution by striking the averment that it will hold any amounts received for the benefit of Richards to state that it will hold any money received as a judgment under this writ "for the benefit of all persons having a lawful claim

to or upon same as their respective interests may appear, and for movant's own protection." Thereafter counsel for the plaintiff sought to have his case reinstated, which was denied. Household Finance then moved that the court dismiss the motion for writ of restitution, which was denied and again denied after its renewal.

This proceeding came on for a hearing before the court without the intervention of a jury, and the movant offered the pleadings in the case to show the affidavit of the plaintiff stating its sworn value as $710, and the automobile to be in custodia legis and "stored at Crains" from a certain date. The testimony of an expert was that its reasonable daily rental value was $5 or $6 per day. No evidence was offered by the plaintiff, whereupon the court rendered judgment for the value of the automobile at $710, and for the reasonable rental value of the automobile for hire at $1,548, based on the rate of $3 per day for 516 days. Costs were taxed against the plaintiff, including the storage of the automobile by the sheriff. This order was thereafter amended by consent of the parties to add that "upon payment of storage and cost ... the automobile involved in this complaint, shall be released to the plaintiff, Household Finance Corp. of Marietta." The appeal is from this final judgment. *Held:*

1. When the plaintiff brings an action of bail trover and neither party replevies the property which remains in custodia legis, and the plaintiff dismisses his action, a judgment of dismissal is, in effect, a judgment for the restoration of the property. The failure of the plaintiff to restore the property when his case is dismissed entitles the defendant to a judgment against the plaintiff for the sworn value of the property. *Code* § 107-209; *Marshall v. Livingston,* 77 Ga. 21; *Smith Bros. & Co. v. Adams,* 79 Ga. 802 (5 SE 242); *Livingston v. Marshall,* 82 Ga. 281 (5) (11 SE 542); *Thomas v. Price,* 88 Ga. 533 (15 SE 11); *Lauchheimer & Sons v. Jacobs,* 126 Ga. 261 (4) (55 SE 55); *Mallary Bros. & Co. v. Moon,* 130 Ga. 591, 593 (61 SE 401); *Pope v. Scott,* 143 Ga. 275 (2) (84 SE 582); *Petty v. Piedmont Fertilizer Co.,* 146 Ga. 149 (2) (90 SE 966); *Kennedy v. Linder,* 168 Ga. 247 (147 SE 64).

2. The writ of restitution seeking the fair market value of the car at the time of its legal conversion and its reasonable hire while in custodia legis, for the use and benefit of all concerned and the "movant's own protection" stated a claim, and the court did not err in overruling the plaintiff's motions to dismiss.

3. The evidence was sufficient to support the verdict, and the court did not err in rendering judgment for the defendant in trover, casting the cost upon the plaintiff, including storage of the automobile by the sheriff, and by consent of the parties, releasing the automobile to the plaintiff. The statutory proceeding of bail trover is a harsh one, and when the personalty is taken from the defendant, the law looks upon it as a legal conversion by the plaintiff. If the plaintiff fails to be successful in his action, the defendant has the choice of three remedies for the resulting illegal conversion of his property, to wit: A judgment (1) for the specific property; (2) for the market value of the property at the date of the conversion with the addition of hire or interest; or (3) for the highest proved value of the property between the date of the conversion and the date of the trial, without hire or interest. See *Kaufman v. Seaboard A.-L. R.,* 10 Ga. App. 248, 250 (73 SE 592); *Barfield Music House v. Harris,* 20 Ga. App. 42 (92 SE 402); *Williams v. Mitchem,* 25 Ga. App. 138 (2) (102 SE 870). The defendant, in its motion for writ of restitution, asked for the market value of the property "at the date of its conversion . . . and the hire." At the trial he accepted the sworn value under *Code* § 107-209, placed upon the property in the petition, and offered expert testimony as to the hire. The court, without the intervention of a jury, weighed the expert testimony and returned a lesser amount for hire. See *Jaques v. Stewart,* 81 Ga. 81 (6 SE 815); *Bank of Blakely v. Cobb,* 5 Ga. App. 289 (63 SE 24); *Tuller v. Carter,* 59 Ga. 395 (2); *Woods v. McCall,* 67 Ga. 506, 507; *Peeples v. Felton,* 14 Ga. App. 5, 7 (80 SE 21).

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
SUBMITTED JANUARY 7, 1971—DECIDED FEBRUARY 11, 1971—
REHEARING DENIED MARCH 8, 1971.

*Harris Bullock,* for appellant.

*Edwards, Bentley, Awtrey & Parker, L. M. Awtrey, Jr., Annette M. Risse, Vernon W. Duncan,* for appellees.